M. MILLHISER et. al. v. CHARLES F. BALSLEY.

*Motion to Vacate Attachment— When Court to Set Out Findings of Fact—Findings of Fact Not Reviewable.*

1. The facts found by the Court below upon a motion to vacate a warrant of attachment are not reviewable in this Court.

2. It is not necessary that the Court below should set forth in its judgment upon a motion to vacate a warrant of attachment, the findings of fact upon which the judgment is based, unless it is claimed that the Court erred in applying the law to the facts as found. In such case, it is the duty of the Court to set out the findings of fact.

3. Section 417 of *The Code* is not applicable to a motion to vacate a warrant of attachment.

MOTION to vacate warrant of attachment, heard by consent before *Gilmer, J.,* at Chambers in Greensboro, on the 12th day of December, 1889. Action pending in DAVIDSON Superior Court.

The facts sufficiently appear in the opinion.

From the judgment vacating the attachment, plaintiffs appealed.

*Mr. E. E. Raper,* for plaintiffs.
*Mr. C. B. Watson,* for defendant.

MERRIMON, C. J.: This is a motion to vacate the warrant of attachment in this action, and the following is a copy of the material part of the case settled on appeal:

"Plaintiff's original affidavit charged 'a fraudulent disposition of property, and intended fraudulent transfer of property, and a concealment of the person to avoid the service of process.' Plaintiff also offered a great number of affidavits in testimony to establish the truth of the charge.

106—28

Defendant, in support of his motion, offered his own affidavit, and a large number of other affidavits, tending to contradict the affidavits of the plaintiff. His Honor, after hearing all the affidavits and the argument of counsel, found from the evidence that the defendant had not assigned, disposed of or secreted his property with intent to defraud his creditors, as alleged; that he was not about to do so, as alleged, and that he had not concealed himself to avoid the service of process, with like intent, and accordingly rendered the judgment vacating the attachment, as appears in the record proper.

"From the judgment of his Honor, the plaintiffs appealed to the Supreme Court, and assigned as error the failure of the Judge to find the facts in the judgment signed by him.

"The Clerk will send up with the transcript, copies of all the affidavits."

It was unnecessary to send up the affidavits and other evidence. They serve no purpose here. This is a case at law, and this Court cannot, therefore, review the findings of fact by the Court below. There was no suggestion that there was no evidence to support a particular finding of fact.

The plaintiffs' exception seems to be founded upon the supposition that the findings of fact and conclusions of law arising thereupon in hearing the motion to vacate the warrant of attachment in question, should have been governed by the statute (*The Code*, § 417), which prescribes that, "upon the trial of a question of fact by the Court, its decision shall be given in writing, and shall contain a statement of the facts found, and the conclusions of law, separately; and upon the trial of an issue of law, the decision shall be made in the same manner, stating the conclusions of law," &c. This provision is not intended to have such application. It is part of a chapter of *The Code* which prescribes the method of "Trial by the Court," and has reference to a trial and disposition of the action upon its principal merits, as presented

by the pleadings. It does not apply to the trial and determination of questions of fact and law arising incidentally in the course of the action, particularly in granting or refusing provisional remedies, and like matters and things. Such questions are generally presented summarily by motion, and disposed of by the Court in like manner.

It was not necessary, in this case, that the Court should specifically, or at all, set forth in the judgment vacating the warrant of attachment its findings of fact on which the same was founded. The statute does not so require, and to do so, would more or less encumber the record without serving any necessary or useful purpose, unless a party should desire to assign error.

In this and like cases, it is the province of the Judge in the Court below to hear the evidence, usually produced before him in the form of affidavits, find the facts and apply the law arising thereupon. *Pasour* v. *Lineberger*, 90 N. C., 159, and the cases there cited. If a party should complain that the Court erred in so applying the law, then he should assign error and ask the Court to state its findings of the material facts in the record, so that he might have the benefit of his exceptions, on appeal to this Court. In that case, it would be error if the Court should fail or refuse to so state its findings of fact, and the law arising upon the same.

Such practice affords the complaining party reasonable opportunity to have errors of law, arising in the disposition of incidental and ancillary matters in the action, corrected by this Court, while, in very many cases, it lessens the labor of the Court below, expedites proceedings in the action and saves costs.

Affirmed.