HOWARD STANCIL v. BRUCE STANCIL AND BRUCE STANCIL REFRIGERA-
TION, INC.

No. 887SC1037

(Filed 1 August 1989)

**Appeal and Error § 6.9— pretrial order requiring posting of bond—
appeal interlocutory**

Defendant's appeal from a pretrial order requiring him
to post a $150,000 bond pending the outcome of litigation be-
tween the parties is dismissed as interlocutory, since the order
did not determine the issues in the action, but simply pre-
served the status quo in a hotly contested action between
two brothers, each of whom accused the other of converting
corporate assets to his own use, and the amount of the bond
each brother was ordered to post reasonably approximated
the value of corporate assets allegedly in his possession.

APPEAL by defendant from *Thomas S. Watts, Judge.* Order
entered 21 June 1988 in Superior Court, WILSON County. Heard
in the Court of Appeals 13 April 1989.

*Narron, Holdford, Babb, Harrison & Rhodes, P.A., by William
H. Holdford, for plaintiff-appellee.*

*Lee, Reece & Weaver, by Cyrus F. Lee and W. Earl Taylor,
Jr., for defendant-appellant.*

BECTON, Judge.

The individual defendant, Bruce Stancil, appeals from a pretrial
order requiring him to post a $150,000 bond pending the outcome
of the litigation between the parties. We dismiss the appeal as
interlocutory.

I

The parties are before us a second time in one of the four
lawsuits they have filed against each other. *See Stancil v. Bruce
Stancil Refrigeration, Inc.,* 81 N.C. App. 567, 344 S.E. 2d 789, *disc.
rev. denied,* 318 N.C. 418, 349 S.E. 2d 601 (1986) (holding that
election of board of directors was valid). The plaintiff, Howard
Stancil, is the brother of the individual defendant, Bruce Stancil.
The brothers are arguing over the operation of the corporate de-

fendant, Bruce Stancil Refrigeration, Inc. ("BSRI"), a close corporation originally owned by Bruce. In September 1980, Howard purchased 12,500 shares of stock in BSRI, acquiring a 50% ownership interest in the corporation. Bruce retained the remaining 50% ownership interest.

At some point, a dispute arose between the brothers, and Howard allegedly "was assaulted and run away from the corporation's office" by Bruce. Since that time, Bruce allegedly has, among other things, refused to accept the validity of the election of Howard and his wife to the three-member board of directors, denied Howard access to the corporate books and premises, and converted substantial corporate assets to his own use or to the use of his recently formed and wholly-owned sole proprietorship, Bruce Stancil Refrigeration Sales & Service.

Howard filed the present action in January 1985, seeking, *inter alia*, dissolution of BSRI and liquidation of its assets pursuant to N.C. Gen. Stat. Sec. 55-125. Bruce and BSRI asserted counterclaims against Howard, seeking recovery of BSRI property allegedly converted by Howard and the payment of outstanding debts.

In June 1988, Howard filed a motion in the cause praying for a mandatory injunction commanding Bruce to return to BSRI all assets transferred to himself or to his sole proprietorship, and seeking appointment of a receiver to preserve BSRI assets pending the outcome of the litigation. In the alternative, Howard requested the court, pursuant to its discretionary power authorized by N.C. Gen. Stat. Sec. 55-125.1, to order Bruce to post a $200,000 bond to secure payment of any sum that might be awarded to Howard in this litigation.

To support the motion, Howard submitted his own affidavit and the affidavits of two certified public accountants who had examined BSRI books and records. The affiants stated that over a period of months Bruce withdrew more than $106,000 from BSRI accounts and withdrew BSRI inventory valued at more than $35,000. In addition, three vehicles formerly titled to BSRI allegedly were transferred to Bruce's name, Bruce's weekly salary was increased from $500 to $800 a week, and BSRI's rent, payable to Bruce as owner of the building in which the corporation was located, was increased from $250 to $900 per month.

In response to the motion, Bruce submitted his own affidavit and the affidavits of his bookkeeper and a certified public account-

ant. The affiants stated that Howard misappropriated, among other things, $7,800 in cash and a BSRI pickup truck worth $10,500, and that Howard had not repaid loans made by the corporation.

The trial judge found that the brothers were equal shareholders in BSRI, that the board of directors was deadlocked in the management of the corporation, and that BSRI business could no longer be conducted to the advantage of both of the shareholders. The judge ordered the brothers to preserve all BSRI assets presently in their possession, and, in lieu of appointing a receiver or dissolving the corporation, ordered each of them to post a secured bond to ensure compliance with any judgment rendered. Bruce was ordered to post a $150,000 bond "to secure the payment of any sums which hereafter might be awarded to Howard Stancil . . . in this action." Howard was likewise ordered to post a $23,000 bond "to secure the payment of any sums which hereafter might be awarded to Bruce Stancil in this action." The order provided that in the event no sum was awarded, the condition of each respective bond would be satisfied.

Bruce appeals, primarily contending that the trial judge exceeded his authority in ordering him to post the $150,000 secured bond and that the judge's finding that the directors of the corporation were deadlocked was erroneous. Howard asserts that the judge's order was authorized by Sections 55-125(a)(4) and 55-125.1(a). Howard also contends that the order appealed from is interlocutory, and has filed a motion to dismiss the appeal on that ground.

II

In *Meiselman v. Meiselman,* this court stated that "the confluence of G.S. 55-125.1 and G.S. 55-125(a)(4) gives the trial court plenary power to frame whatever order it [deems] fit to protect the rights of a complaining shareholder." 58 N.C. App. 758, 765, 295 S.E. 2d 249, 254 (1982), *modified & aff'd,* 309 N.C. 279, 307 S.E. 2d 551 (1983). Section 55-125.1 provides in relevant part:

(a) In any action filed by a shareholder to dissolve the corporation under G.S. 55-125(a), *the court may make such order or grant such relief,* other than dissolution, *as in its discretion it deems appropriate,* including without limitation, an order:

. . .

(3) *Directing* or prohibiting *any act* of the corporation, or *of shareholders, directors, officers or other persons party to the action.* . . .

N.C. Gen. Stat. Sec. 55-125.1(a) (1982) (emphasis added).

Ordering a party to post a bond pending the outcome of litigation has been recognized as a valid means to protect the status quo in many contexts, *see, e.g., In re Winborne*, 231 N.C. 463, 57 S.E. 2d 795 (1950); *Narron v. Union Camp Corp.*, 81 N.C. App. 263, 344 S.E. 2d 64 (1986); *Keith v. Day*, 60 N.C. App. 559, 299 S.E. 2d 296 (1983), and, in particular, has been held to be a valid alternative to appointment of a receiver. *See, e.g., Durant v. Crowell*, 97 N.C. 367 (1887). It would seem to follow from the cases cited and from the plain language of Section 55-125.1, then, that the trial judge was empowered in the case before us to order the brothers to post a secured bond to prevent dissipation or conversion of corporate assets. However, we are not required to decide this question at this time since the order appealed from is interlocutory and does not impair any of Bruce's "substantial rights."

An order is interlocutory if it does not determine the issues in an action, but instead merely directs some further proceeding preliminary to the final decree. *Waters v. Qualified Personnel, Inc.*, 294 N.C. 200, 207, 240 S.E. 2d 338, 343 (1978). An appeal from an interlocutory order should be dismissed as fragmentary and premature unless the order deprives the appellant of some substantial right which he would lose unless the order is reviewed before final judgment. *Id.;* N.C. Gen. Stat. Sec. 1-277(a) (1983); N.C. Gen. Stat. Sec. 7A-27(d) (1986). The substantial right Bruce claims the order denies him is the right to defend himself in this action without facing "substantial economic detriments" in order to do so.

While the "substantial right" test for appealability of interlocutory orders is more easily stated than applied, it generally depends upon the particular facts of the case and the procedural context in which the order appealed from was entered. *Waters*, 294 N.C. at 208, 240 S.E. 2d at 343. Here, the order was entered prior to trial, leaving the parties' substantive claims pending and unlitigated. The obvious purpose of the pretrial order was to preserve the status quo in a hotly contested action between two brothers, each of whom accuses the other of converting corporate assets

to his own use. The amount of the bond each brother was ordered to post reasonably approximates the value of BSRI assets allegedly in his possession, and, should the opposing sibling be unsuccessful in obtaining judgment in his favor, the bond will be cancelled. Under these circumstances, "no substantial right . . . can possibly be affected to the slightest extent if the validity of the order is not determined until after a final judgment is entered in the case." *Rivenbark v. Southmark Corp.*, 77 N.C. App. 225, 227, 334 S.E. 2d 451, 452 (1985), *disc. rev. denied*, 315 N.C. 391, 338 S.E. 2d 880 (1986).

In our view, the present vexatious attempt at piecemeal adjudication serves only "to delay and frustrate the effective administration of justice." *Dixon v. Dixon*, 62 N.C. App. 744, 745, 303 S.E. 2d 606, 607 (1983). Accordingly, the interlocutory appeal is dismissed.

Appeal dismissed.

Judges JOHNSON and ORR concur.