SANDRA K. COLLINS AND HUGH COLLINS, PLAINTIFFS v. DARRYL ROGER TALLEY, DENNIS OVERHOLT, INDIVIDUALLY, MICHAEL OVERHOLT, INDIVIDUALLY, AND DENNIS OVERHOLT AND MICHAEL OVERHOLT D/B/A JONES AUTO PARTS, DEFENDANTS

No. COA99-115

(Filed 7 December 1999)

**Appeal and Error— appealability—interlocutory order—no substantial right affected**

Even though the record does not indicate how the trial court arrived at the amount of plaintiffs' attachment bond, plaintiffs cannot immediately appeal from the trial court's interlocutory order modifying the bond because it does not affect a substantial right since: (1) the validity of the order is not determined until after a final judgment is entered in the case; and (2) the trial court is not required to make findings of fact under N.C.G.S. § 1A-1, Rule 52(a) in an order modifying a bond unless a party requests findings of fact.

Appeal by plaintiff from order entered 18 December 1998 by Judge Forrest A. Ferrell in Macon County Superior Court. Heard in the Court of Appeals 25 October 1999.

*Jones, Key, Melvin & Patton, P.A., by Fred H. Jones, for plaintiff-appellants.*

*Clark Law Firm, P.A., by Justin D. Robertson, for defendant-appellees.*

**COLLINS v. TALLEY**

[135 N.C. App. 758 (1999)]

HUNTER, Judge.

Sandra K. Collins and Hugh Collins ("plaintiffs") appeal from the order wherein the superior court modified their attachment bond. We dismiss on the grounds that this appeal is interlocutory.

Plaintiffs filed the present action on 15 October 1998 alleging, in pertinent part, that they are creditors of R & S Auto Parts, and that defendants Dennis and Michael Overholt purchased all of the assets of R & S Auto Parts without proper notice to plaintiffs as required by the North Carolina Bulk Sales Act. In conjunction with the filing of their complaint, plaintiffs filed an "Affidavit in Attachment Proceeding" seeking to have the contents of the auto parts store attached on the basis that defendants are not North Carolina residents. They requested defendants' bond to be set at $75,000.00. Plaintiffs filed with their affidavit the $200.00 bond required by the clerk of court, and an order of attachment was issued.

Defendants filed a motion to increase plaintiffs' bond and following a hearing before the clerk of court, defendants' attachment bond was fixed at $75,000.00 and plaintiffs' attachment bond was raised to $50,000.00. Plaintiffs filed a notice of appeal to the superior court and after a hearing on the matter, the court entered an order requiring plaintiffs to post bond in the amount of $10,000.00.

Plaintiffs contend that the clerk of court and superior court committed reversible error in ordering a modification of the attachment bond on the grounds that there was no evidence before the court upon which to base a modification. Plaintiffs ask this Court to reverse the order of the trial court and remand in order for it to receive evidence on this issue.

First, we note that an order is interlocutory if it does not determine the issues in an action, but instead merely directs some further proceeding preliminary to the final decree. *Waters v. Personnel, Inc.*, 294 N.C. 200, 207, 240 S.E.2d 338, 343 (1978). Therefore, the order appealed in the present case is interlocutory. Generally, there is no right to appeal from an interlocutory order, *Veazey v. Durham*, 231 N.C. 357, 57 S.E.2d 377 (1950); however, it may be appealed if either of two circumstances exist:

First, an interlocutory order can be immediately appealed if the order is final as to some but not all of the claims or parties and the trial court certifies there is no just reason to delay the appeal. N.C.R. Civ. P. 54(b). Second, an interlocutory order can be imme-

diately appealed under N.C. Gen. Stat. §§ 1-277(a) (1983) and 7A-27(d)(1) (1995) "if the trial court's decision deprives the appellant of a substantial right which would be lost absent immediate review."

*Bartlett v. Jacobs*, 124 N.C. App. 521, 524, 477 S.E.2d 693, 695 (1996), *disc. review denied*, 345 N.C. 340, 483 S.E.2d 161 (1997) (citations omitted).

No claim has been determined in the present case. Therefore, Rule 54 is inapplicable and plaintiffs can only appeal the order if they have been deprived of a substantial right pursuant to N.C. Gen. Stat. §§ 1-277 and 7A-27(d)(1). This Court has stated that to be immediately appealable on the foregoing basis, a party has the burden of showing that: (1) the judgment affects a right that is substantial; and (2) the deprivation of that substantial right will potentially work injury to him if not corrected before appeal from final judgment. *Goldston v. American Motors Corp.*, 326 N.C. 723, 392 S.E.2d 735 (1990). Whether a substantial right will be prejudiced by delaying appeal must be determined on a case by case basis. *Bernick v. Jurden*, 306 N.C. 435, 293 S.E.2d 405 (1982).

Plaintiffs in the present case have not indicated why the increase and/or modification of their bond affects their substantial rights. In a similar case, *Stancil v. Stancil*, 94 N.C. App. 760, 381 S.E.2d 720 (1989), the plaintiff, a fifty percent (50%) shareholder in a corporation, had brought suit to dissolve the corporation. The trial court required the defendant, as a fifty percent (50%) shareholder of a close corporation, to post a $150,000.00 bond in order to preserve the status quo and defendant appealed. This Court held that the substantial rights of the defendant were not affected and the order was a nonappealable interlocutory order, stating:

> The amount of the bond each [party] was ordered to post reasonably approximates the value of BSRI assets allegedly in his possession, and, should the opposing sibling be unsuccessful in obtaining judgment in his favor, the bond will be cancelled. Under these circumstances, "no substantial right . . . can possibly be affected to the slightest extent if the validity of the order is not determined until after a final judgment is entered in the case."

*Id.* at 764, 381 S.E.2d at 722-23. In the present case, the record does not indicate how the court arrived at the amount of the bond the plaintiff was ordered to pay. However, this fact does not demonstrate

that plaintiff's substantial rights may be adversely affected if the present appeal is not considered.

Our Supreme Court, in *Oestreicher v. Stores*, 290 N.C. 118, 225 S.E.2d 797 (1976), noted the proper procedure for perfecting an appeal of a judgment concerning the vacation or modification of a bond:

> "In this and like cases, it is the province of the Judge in the Court below to hear the evidence, usually produced before him in the form of affidavits, find the facts and apply the law arising thereupon. If a party should complain that the Court erred in so applying the law, then he should assign error and ask the Court to state its findings of the material facts in the record, so that he might have the benefit of his exceptions, on appeal to this Court. In that case, it would be error if the Court should fail or refuse to so state its findings of fact, and the law arising upon the same.

> ."Such practice affords the complaining party reasonable opportunity to have errors of law, arising in the disposition of incidental and ancillary matters in the action, corrected by this Court, while, in very many cases, it lessens the labor of the Court below, expedites proceedings in the action and saves costs."

*Id.* at 143, 225 S.E.2d at 812 (citation omitted) (*citing Millhiser v. Balsey*, 106 N.C. 433, 435, 11 S.E. 314, 315 (1890)). *Oestreicher* does not indicate that modification of a bond affects a substantial right. In that case, the trial court had granted the defendant summary judgment on two of the three causes of action in the suit but did not certify there was no just reason for delay as required by Rule 54. While this Court had dismissed plaintiff's appeal as interlocutory, *Oestreicher v. Stores*, 27 N.C. App. 330, 219 S.E.2d 303 (1975), our Supreme Court reversed, observing that "plaintiff had a substantial right to have all three causes tried at the same time by the same judge and jury." *Id.* at 130, 225 S.E.2d at 805. As for the bond issue, the Court held: "Since plaintiff failed to request findings of fact to justify the modification of defendant's bond, it is presumed that the trial judge found facts sufficient to support his order, and this is not reviewable on appeal. . . . Error must be shown by the party alleging it." *Id.* at 143, 225 S.E.2d at 812.

The reasoning in *Oestreicher* that the court is not required to make findings of fact in an order modifying a bond correlates with N.C.R. Civ. P. 52(a) concerning provisional remedies, which states in

**COLLINS v. TALLEY**

[135 N.C. App. 758 (1999)]

pertinent part: "findings of fact and conclusions of law are necessary on the granting or denying of a preliminary injunction or any other provisional remedy only when required by statute expressly relating to such remedy or requested by a party." N.C.R. Civ. P. 52(a)(2). Our review does not indicate that any statute requires the judge to make findings of fact in a case such as the one at bar. Plaintiffs mistakenly assert that N.C. Gen. Stat. § 1-440.36 (1996) and N.C. Gen. Stat. § 1-440.37 (1996) are applicable to the present case. These statutes concern dissolution of and modification of the order of attachment, respectively. N.C. Gen. Stat. § 1-440.40(a), entitled "Defendant's objection to bond or surety" states:

> At any time before judgment in the principal action, on motion of the defendant, the clerk or judge may, if he deems it necessary in order to provide adequate protection, require an increase in the amount of the bond previously given by or required of the plaintiff.

N.C. Gen. Stat. § 1-440.40(a) (1996). Under this statute, the trial court is not required to make findings of fact in order to modify plaintiff's bond on the motion of the defendant, as is the case here.

Based on the foregoing authority, we conclude that unless a party requests findings of fact, the trial court is not required to make them when it modifies plaintiff's bond on defendant's motion. Lack of findings in the present order does not demonstrate that plaintiffs' substantial rights have been affected, as we presume the trial court found facts sufficient to support its order. *Oestreicher*, 290 N.C. 118, 225 S.E.2d 797.

"Piecemeal adjudication and unnecessary delay in proceedings . . . serve to delay and frustrate the effective administration of justice." *Dixon v. Dixon*, 62 N.C. App. 744, 745, 303 S.E.2d 606, 607 (1983) (citation omitted). Plaintiffs have not asserted nor shown that they will lose any rights if the order appealed from is not reviewed before final judgment. We therefore hold that plaintiffs' substantial rights are not affected, thus they have no right to appeal the interlocutory order of the trial court. It is the court's duty to dismiss an appeal *sua sponte* when no right of appeal exists. *Bailey v. Gooding*, 301 N.C. 205, 270 S.E.2d 431 (1980). Accordingly, the present appeal is dismissed.

Dismissed.

Chief Judge EAGLES and Judge JOHN concur.