ACTION COMMUNITY TELEVISION BROADCASTING NETWORK, INC. AND HERBERT GREENBERG, PLAINTIFF-APPELLEES v. RAY LIVESAY, DEFENDANT-APPELLANT

No. COA01-450

(Filed 18 June 2002)

**1. Corporations— dissolution—right to request**

A defendant in an action to determine the status of the individual parties as to their positions in a corporation was entitled to bring a request for dissolution and have that request evaluated by the trial court regardless of whether defendant has voting power or whether there is actual deadlock among the managing shareholders. North Carolina courts have determined that a minority shareholder can bring a request for dissolution or other equitable relief if the reasonable equitable expectations of the shareholder have been frustrated.

**2. Appeal and Error— partial summary judgment—declaration of positions in corporation—no immediate appeal**

An appeal was dismissed as interlocutory where plaintiffs were seeking a declaration of the status of the individual parties as to their positions in a small corporation, the trial court granted plaintiffs' motion for partial summary judgment, and the court then entered an order of certification of immediate appeal. Based

on the facts in the case, no substantial right was affected; while a shareholder's ability to manage a closely held corporation is significant, that right in this case will not be potentially injured before a final ruling, and defendant has available remedies such as dissolution and the appointment of a receiver.

Appeal by defendant from order entered 9 January 2001 by Judge Frank R. Brown in Superior Court, Nash County. Heard in the Court of Appeals 30 January 2002.

*Bridgers, Horton, Rountree & Boyette, by Charles S. Rountree, for plaintiff-appellee Action Community Television Broadcasting Network, Inc.*

*Etheridge, Sykes, Britt & Hamlett, LLP, by William D. Etheridge, for plaintiff-appellee Herbert Greenberg.*

*Adams, Portnoy & Berggren, PLLC, by Douglas E. Portnoy, for defendant-appellant.*

McGEE, Judge.

Herbert Greenberg (Greenberg) and Ray Livesay (defendant) are each fifty percent shareholders in Action Community Television Broadcasting Network, Inc. (Action, Inc.), which was formed in November 1995. An organizational meeting of the shareholders was held on 8 May 1996. Greenberg and defendant were elected officers at this meeting, and each was given an equal shareholder interest in the corporation. Greenberg and defendant issued a *de facto* one share of stock to Grover Prevatte Hopkins (Hopkins) in order that Hopkins could be called upon to vote and resolve any impasse that might develop between Greenberg and defendant.

Greenberg, in his capacity as president of Action, Inc., sent a "Notice of Annual Meeting of Shareholders" on 8 May 1998 announcing a meeting to be held on 20 May 1998. At the meeting, which defendant did not attend, Greenberg and Hopkins voted to remove defendant as a director and voted to replace defendant with Hopkins as a director. However, defendant and Greenberg continued to work together at Action, Inc.

In August 2000, a dispute arose between Greenberg and defendant, and Greenberg organized an emergency meeting in which he and Hopkins voted to remove defendant from managerial control and authorized filing of a lawsuit. Action, Inc. and Greenberg (collectively

plaintiffs) filed a complaint dated 22 August 2000. In one of the claims for relief in the complaint, plaintiffs asked the trial court to declare the legal status of Greenberg and defendant with respect to their positions in the corporation based on the minutes of the corporation. Plaintiffs filed a motion dated 22 November 2000 for partial summary judgment as to this issue. The trial court granted plaintiffs' motion for partial summary judgment in an order entered 9 January 2001. The trial court entered an order of certification of immediate appeal pursuant to N.C. Gen. Stat. § 1A-1, Rule 54 on 9 February 2001. Defendant appeals from the trial court's 9 January 2001 order.

We note that a Rule 54(b) certification is reviewable by this Court on appeal because a "trial court's denomination of its decree [as] 'a final . . . judgment does not make it so,' if it is not such a judgment." *First Atl. Mgmt. Corp. v. Dunlea Realty Co.*, 131 N.C. App. 242, 247, 507 S.E.2d 56, 60 (1998) (citation omitted). The trial court's determination that there is no just reason for delay of an appeal is accorded great deference, but it does not bind our appellate courts because "ruling on the interlocutory nature of appeals is properly a matter for the appellate division, not the trial court." *Estrada v. Jaques*, 70 N.C. App. 627, 640, 321 S.E.2d 240, 249 (1984).

Defendant has asked this Court to review his appeal of an interlocutory order pursuant to N.C. Gen. Stat. § 1-277 which states

[a]n appeal may be taken from every judicial order or determination of a judge of a superior or district court, upon or involving a matter of law or legal inference, whether made in or out of session, which affects a substantial right claimed in any action or proceeding; or which in effect determines the action, and prevents a judgment from which an appeal might be taken; or discontinues the action, or grants or refuses a new trial.

N.C. Gen. Stat. § 1-277(a) (1999). Defendant contends the trial court's decision effectively disposes of all of plaintiffs' claims because all of those claims were based on a determination of whether plaintiffs properly removed defendant from managerial control of the corporation. Defendant also contends the trial court's order affects a substantial right.

All of plaintiffs' claims, however, have not been determined by the trial court. Remaining before the trial court are claims asking for a declaration of debt obligation, appointment of a receiver, and corporate dissolution. Defendant's counterclaims that have not been

determined are a request for an accounting, a declaration of the corporate debt owed to defendant, and also a request for corporate dissolution. Defendant contends the request for dissolution is moot because he will not be able to vote and cause a deadlock among the directors, a prerequisite defendant believes is necessary before bringing a request for dissolution.

[1] However, defendant incorrectly concludes deadlock is a prerequisite to a request for dissolution. As in *Meiselman v. Meiselman*, 309 N.C. 279, 307 S.E.2d 551 (1983), we "note at the outset that the enterprise[] with which we are dealing [is a] close corporation[], not [a] publicly held corporation[]." *Id.*, 309 N.C. at 288, 307 S.E.2d at 557.

> [M]any close corporations are companies based on personal relationships that give rise to certain "reasonable expectations" on the part of those acquiring an interest in the close corporation. Those "reasonable expectations" include, for example, the parties' expectation that they will participate in the management of the business or be employed by the company.

*Id.*, 309 N.C. at 289, 307 S.E.2d at 558 (quoting F. O'Neal, *Close Corporations: Existing Legislation and Recommended Reform*, 33 Bus. Law 873, 885 (1978)). Because of this peculiarity not found in larger publicly traded corporations,

> when personal relations among the participants in a close corporation break down, the "reasonable expectations" the participants had, for example, an expectation that their employment would be secure, or that they would enjoy meaningful participation in the management of the business— become difficult if not impossible to fulfill. In other words, when the personal relationships among the participants break down, the majority shareholder, because of his greater voting power, is in a position to terminate the minority shareholder's employment and to exclude him from participation in management decisions.

*Meiselman*, 309 N.C. at 290, 307 S.E.2d at 558. As a result of the above unique situations, North Carolina courts have determined a minority shareholder can bring a request for dissolution, or other equitable relief, if the "reasonable expectations" of the shareholder have been frustrated. *See Meiselman*, 309 N.C. at 301, 307 S.E.2d at 564. We note that in the case before us, the two shareholders are equal fifty percent

shareholders. However, because of the shareholder meetings in which defendant was divested of his role as director, defendant is essentially a minority shareholder in terms of voting power and control of Action, Inc.

Based on these principles, defendant is entitled to bring a request for dissolution and have that request evaluated by the trial court regardless of whether or not defendant has voting power or whether there is actual deadlock among the managing shareholders.

[2] Defendant also contends that even though the order is interlocutory, the appeal should be heard because a substantial right has been affected. The " 'substantial right' test for appealability . . . is more easily stated than applied. It is usually necessary to resolve the question in each case by considering the particular facts of that case and the procedural context in which the order from which appeal is sought was entered." *Waters v. Personnel, Inc.*, 294 N.C. 200, 208, 240 S.E.2d 338, 343 (1978). In determining whether a substantial right has been affected in such a manner warranting immediate appeal, "[e]ssentially a two-part test has developed—the right itself must be substantial and the deprivation of that substantial right must potentially work injury to plaintiff if not corrected before appeal from final judgment." *Goldston v. American Motors Corp.*, 326 N.C. 723, 726, 392 S.E.2d 735, 736 (1990).

Based on the particular facts before us, we hold defendant's argument fails the substantial right test. While we recognize a shareholder's ability to manage his or her own closely held corporation is significant, we do not see how this right in this case will be potentially injured before a final ruling is made. As noted above, defendant has remedies available to him to protect those rights, remedies such as dissolution and the appointment of a receiver that have already been asked for by the parties involved. We therefore dismiss defendant's appeal.

Dismissed.

Judges WALKER and BIGGS concur.