Plasman v. Decca Furniture (USA), Inc., 2015 NCBC 83A (Amended 10-02-2015).

STATE OF NORTH CAROLINA

CATAWBA COUNTY

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
12 CVS 2832

CHRISTIAN G. PLASMAN, in his
individual capacity and derivatively for
the benefit of, on behalf of and right of
nominal party BOLIER & COMPANY,
LLC,

        Plaintiff,

v.

DECCA FURNITURE (USA), INC.,
DECCA CONTRACT FURNITURE,
LLC, RICHARD HERBST, WAI THENG
TIN, TSANG C. HUNG, DECCA
FURNITURE, LTD., DECCA
HOSPITALITY FURNISHINGS, LLC,
DONGGUAN DECCA FURNITURE CO.
LTD., DARREN HUDGINS, DECCA
HOME, LLC, and ELAN BY DECCA,
LLC,

        Defendants,

and BOLIER & COMPANY, LLC,

        Nominal Defendant,

v.

CHRISTIAN J. PLASMAN a/k/a
BARRETT PLASMAN,

        Third-Party Defendant.

**AMENDED ORDER AND OPINION
ON STAY PENDING APPEAL**

{1}    **THIS MATTER** is before the Court, *sua sponte*, upon the July 14, 2015 Scheduling Order entered in the above-captioned case requiring the parties to submit short briefs advising the Court whether this case may proceed with further pleadings and discovery, and to a determination on the merits, or whether this case must be stayed pending resolution of Plaintiff Christian G. Plasman ("Chris Plasman") and Third-Party Defendant Christian J. Plasman a/k/a Barrett Plasman's ("Barrett Plasman") (collectively, "the Plasmans") appeal of this Court's May 26, 2015 Order & Opinion ("May 26 Order") (the "Plasmans' Appeal"). After considering the parties'

briefs and submissions, the Court concludes that a stay is not mandated or required by law or otherwise necessary in these circumstances and that the parties should therefore proceed with responsive pleadings and discovery as further described herein.

*Law Offices of Matthew K. Rogers, PLLC by Matthew K. Rogers for Plaintiff Christian G. Plasman and Third-Party Defendant Christian J. Plasman a/k/a Barrett Plasman.*

*McGuireWoods LLP by Robert A. Muckenfuss, Elizabeth Zwickert Timmermans, and Andrew D. Atkins for Defendants Decca Furniture (USA), Inc., Decca Contract Furniture, LLC, Richard Herbst, Wai Theng Tin, Tsang C. Hung, Decca Furniture, Ltd., Decca Hospitality Furnishings, LLC, Dongguan Decca Furniture Co. Ltd., Darren Hudgins, Decca Home, LLC, Elan by Decca, LLC, and Nominal Defendant Bolier & Company, LLC.*

Bledsoe, Judge.

I.

PROCEDURAL AND FACTUAL BACKGROUND

{2}     The factual and procedural background of this case is recited in detail in *Bolier & Co., LLC v. Decca Furniture (USA), Inc.*, 2015 NCBC LEXIS 55 (N.C. Super. Ct. May 26, 2015).  The Court, therefore, elects to recite only those facts and procedural history that are necessary to resolve the issue of whether a stay should be entered in this case pending the outcome of the Plasmans' Appeal.

{3}     On February 27, 2013, the United States District Court for the Western District of North Carolina (Voorhees, J.) (the "Federal Court") entered a preliminary injunction order ("P.I. Order"), in which the Federal Court concluded that Defendant Decca Furniture (USA) Inc. ("Decca USA") is the majority in interest of Bolier & Company, LLC ("Bolier") and that Chris Plasman's conduct in "continuing to manage and to control the operations of Bolier" without Decca USA's authorization or consent "deprived the majority of this right."  *Bolier & Co., LLC v. Decca Furniture United States Inc.*, 2013 U.S. Dist. LEXIS 26791, at *6–7 (W.D.N.C. 2013).  Among other things, the P.I. Order required the Plasmans to return "all of Bolier[]'s monies, including but not limited to customer payments, diverted to them or to any bank account under their control" within five business days.  *Id.* at *8.  Additionally, the

P.I. Order required the Plasmans "to provide an accounting to Decca USA . . . of all funds that were diverted from October 19, 2012" to the date of the entry of the P.I. Order. *Id.*

{4}     Shortly thereafter, rather than file a motion for reconsideration or notice of appeal of the Federal Court's P.I. Order, the Plasmans filed a document in Federal Court on March 6, 2013 titled "Plaintiffs' and Third Party Defendant's Response to Court Order" (the "Response"). In their Response, the Plasmans stated that they "intended to comply with the spirit of the Court['s P.I.] Order, and by complying [therein], [the Plasmans] [were] not waiving [their] rights to request reconsideration or appeal [of the P.I. Order]." *Id.* at 2. The Plasmans argued that the P.I. Order did "not reflect the current facts [because the Plasmans did] not possess any monies or customer payments 'diverted to them' and [they did] not have 'any bank account under their control,'" they "[did] not believe they possess[ed] records other than [those previously provided]," and they "have fully complied to the best of their ability with the [P.I. Order]." *Id.* at 3–4.

{5}     After the Federal Court dismissed Plaintiffs' federal copyright infringement claim on September 19, 2014 and declined to exercise supplemental jurisdiction over the remaining state law claims, the Federal Court remanded the case to this Court that same day for all further proceedings.

{6}     On February 11, 2015, the Plasmans filed a motion to, *inter alia*, (1) amend the P.I. Order by imposing a security bond and (2) dissolve those portions of the P.I. Order restricting the Plasmans' management roles in Bolier. At the time, Defendants had filed a pending motion before this Court to enforce the P.I. Order on the grounds that the Plasmans had failed to return purportedly diverted funds and provide an accounting as directed by the Federal Court. In its May 26 Order, the Court denied the Plasmans' motion and granted Defendants' motion by directing the Plasmans to comply with the P.I. Order. The Plasmans filed a Notice of Appeal on June 25, 2015.

{7}     Also on June 25, 2015, Chris Plasman filed a Second Amended Complaint, and Barrett Plasman filed a document titled "Supplemented and Amended Third Party Counterclaims."

{8} On July 14, 2015, the Court entered a Scheduling Order ("July 14 Scheduling Order") by which the Court required the parties to submit short briefs advising whether this case could proceed or must be stayed pending resolution of the Plasmans' Appeal. *See, e.g., Bowen v. Hodge Motor Co.*, 292 N.C. 633, 635, 234 S.E.2d 748, 749 (1977) (recognizing North Carolina's "longstanding general rule that an appeal removes a case from the jurisdiction of the trial court and, pending the appeal, the trial judge is *functus officio.*")

{9} In response to the Court's July 14 Scheduling Order, Defendants moved the Court to stay the time for their answer until fourteen (14) days after the Court resolved the issues identified in the July 14 Scheduling Order. On July 23, 2015, the Court entered an Order on Defendant's Motion temporarily staying all activity in the case other than those issues raised in the July 14 Scheduling Order.[1]

II.

ANALYSIS

A. Plaintiff's Response to the P.I. Order

{10} The Court first notes that the Plasmans' Notice of Appeal specifically challenges those parts of the May 26 Order that deal with the Federal Court's P.I. Order. As explained below, however, the Court concludes that the Plasmans failed to appeal or otherwise take any action in the Federal Court to preserve their ability to challenge or stay enforcement of the P.I. Order and that the Plasmans' effort to attack the P.I. Order in this Court at this time is improper.

{11} Under the Federal Rules of Appellate Procedure, "[a]n appeal permitted by law as of right from a district court to a court of appeals may be taken only by filing a notice of appeal with the district clerk." Fed. R. App. P. 3. The appeal "must be filed with the district clerk within 30 days after entry of the judgment or order appealed from." Fed. R. App. P. 4.

---

[1] On August 24, 2015, Defendants moved for clarification of the effect of the temporary stay as to Defendants Decca Home, LLC, Elan by Decca, LLC, and nominal defendant Bolier & Co., LLC, who were either newly-added or newly-served defendants in the Second Amended Complaint. Because the Defendants' July 22 Motion for Temporary Stay and this Court's subsequent July 23 Scheduling Order included those Defendants in the caption, the stay applied to all Defendants, and all Defendants will be subject to the scheduling and other directives set forth in paragraph 23 of this Order and Opinion.

{12} The Plasmans' assertion in their Response that they "are not waiving [their] rights to request reconsideration or appeal," leads this Court to conclude that Plaintiffs' Response was not intended to be a notice of appeal or a motion for reconsideration in Federal Court. (Resp. at 2.) Instead, the Court concludes that the Response was the Plasmans' assertion to the Federal Court that they had "complied to the best of their ability" with that Court's P.I. Order. Notably, the Plasmans' Response did not move the Federal Court for entry of an order in their favor or request any type of relief.

{13} "In cases where a party submits a *motion* [after entry of an order or judgment that] is unnamed and does not refer to a specific Federal Rule of Civil Procedure, [the Fourth Circuit] consider[s] that motion either a Rule 59(e) motion to alter or amend a judgment, or a Rule 60(b) motion for relief from a judgment or order." *In re Burnley*, 988 F.2d 1, 2 (4th Cir. 1992) (emphasis added). The Court concludes that the Plasmans' Response to the Federal Court is neither a 59(e) nor a 60(b) motion, as the Response: (i) expressly reserved the Plasmans' right to file a motion to reconsider the P.I. Order; (ii) was not labeled as a motion and failed to request that the Court take any action on the filing; and (iii) did not request any relief from the Court.[2] Accordingly, the Court concludes that the Plasmans never appealed the Federal Court's P.I. Order or filed a motion for reconsideration, and further that the time for the Plasmans to file either a motion to reconsider the P.I. Order or an appeal of the P.I. Order has long since expired. As such, the Court concludes that the Plasmans' Response in Federal Court does not constitute an active motion or request for relief in this Court, the denial of which would entitle Plaintiffs to seek an appeal to the North Carolina appellate courts. *See generally* Georgene Vairo, 16 *Moore's Federal Practice* § 107.43 (3d ed. 2014) ("Typically, the state court 'will give effect to

---

[2] Even if a motion for reconsideration can be found to be different than a motion to alter or amend a judgment under the Federal Rules of Civil Procedure, "[t]he court has discretion to stay an injunction pending disposition of a Rule 59(e) motion" under Fed. R. Civ. P. 62(b)(3). *Fundamental Admin. Servs., LLC v. Anderson*, 2015 U.S. Dist. LEXIS 43826, *9 (D. Md. Apr. 1, 2015). The Federal Court did not exercise its discretion to do so here.

all pleadings filed in federal court and to all rulings made by the federal court' while the case was in federal court.").

B. <u>Plaintiffs' Statement Regarding Stay of Action Pending Appeal</u>

{14} The Plasmans acknowledge that their Appeal is interlocutory but claim that the Appeal is nevertheless proper because the May 26 Order affects their substantial right to operate and manage their business (i.e., Bolier). (Pls.' Br. Regard. July 14, 2015 Sched. Order 5). Moreover, the Plasmans contend that their interlocutory Appeal stays this Court's consideration of virtually all aspects of the case, yet urge this Court to require Defendants nonetheless to answer and proceed with discovery. (Pls.' Br. Regard. July 14, 2015 Sched. Order 3.)

{15} Pursuant to N.C. Gen. Stat. § 1-294,

> When an appeal is perfected as provided by this Article it stays all further proceedings in the court below upon the judgment appealed from, or upon the matter embraced therein; but the court below may proceed upon any other matter included in the action and not affected by the judgment appealed from.

N.C. Gen Stat. § 1-294 (2015). Therefore,

> if a party appeals an immediately appealable interlocutory order, the trial court has no authority, pending the appeal, to proceed with the trial of the matter. Where a party appeals from a nonappealable interlocutory order, however, such appeal does not deprive the trial court of jurisdiction and thus the court may properly proceed with the case.

*Rpr & Assocs., Inc. v. Univ. of N. Carolina-Chapel Hill*, 153 N.C. App. 342, 347, 570 S.E.2d 510, 514 (2002) (citation omitted).

{16} "An interlocutory order is immediately appealable if such order affects a substantial right of the parties involved. A right is substantial when it will clearly be lost or irremediably and adversely affected if the order is not reviewed before final judgment." *Id.* (internal citation omitted) (citing *Cagle v. Teachy*, 111 N.C. App. 244, 246, 431 S.E.2d 801, 802 (1993)).

{17} "In determining whether a substantial right is affected a two-part test has developed—'the right itself must be substantial and the deprivation of that substantial right must potentially work injury to appellant if not corrected before

appeal from final judgment.'" *Estate of Redden v. Redden*, 179 N.C. App. 113, 116, 632 S.E.2d 794, 796 (2006) (quoting *Goldston v. American Motors Corp.*, 326 N.C. 723, 726, 392 S.E.2d 735, 736 (1990)). When applying the two-part test, "[i]t is usually necessary to resolve the question in each case by considering the particular facts of that case and the procedural context in which the order from which appeal is sought was entered." *Waters v. Qualified Personnel, Inc.*, 294 N.C. 200, 208, 240 S.E.2d 338, 343 (1978); *see also Cagle*, 111 N.C. App. at 246, 431 S.E.2d at 802 (noting that there are "no hard and fast rules . . . for determining which appeals affect a substantial right"). The "trial court has the authority . . . to determine whether or not its order affects a substantial right of the parties or is otherwise immediately appealable," and thus whether it retains jurisdiction over the action. *Rpr & Assocs., Inc.*, 153 N.C. App. at 348, 570 S.E.2d at 514 (citation omitted).

{18}　Based on the Court's review of the record and the arguments of counsel, the Court concludes that no substantial right of the Plasmans was affected by the May 26 Order compelling Plaintiffs to abide by the Federal Court's P.I. Order. The Court's May 26 Order did not enter judgment against the Plasmans, did not dispose of any of their causes of actions or defenses to Defendants' Counterclaims, did not order them to make a substantial payment of their own funds, or otherwise deprive them of any rights that would be "lost or irremediably and adversely affected if the order is not reviewed before final judgment." *Rpr & Assocs., Inc.*, 153 N.C. App. at 347, 570 S.E.2d at 514; *see, e.g.*, *Action Cmty. TV Broad. Network, Inc. v. Livesay*, 151 N.C. App. 125, 129, 564 S.E.2d 566, 569, (2002) (no substantial right affected where trial court entered partial summary judgment finding defendants were not corporate managers, stating "[w]hile we recognize a shareholder's ability to manage his or her own closely held corporation is significant, we do not see how this right in this case will be potentially injured before a final ruling is made [where procedural remedies are available].''); *Stancil v. Stancil*, 94 N.C. App. 760, 763-764, 381 S.E.2d 720, 722-723 (1989) (concluding substantial bond requirement to support a preliminary injunction in a *Meiselman* dispute merely sought to preserve the status quo pending final resolution and did not impair a substantial right); *see also Waters*, 294 N.C. at

208, 240 S.E.2d at 344 (no substantial right affected because "[a]ll defendant suffers by its inability to appeal [the trial court order] is the necessity of rehearing its motion.").

{19} Rather, this Court simply ordered Plaintiffs to comply with the never-appealed, legally valid and binding, 2013 P.I. Order requiring Plaintiffs to return money that the Federal Court found they had diverted from Bolier. Indeed, it is unclear how the Plasmans contend that they have a substantial right in funds that they admit they diverted from a third-party in order to pay themselves and their attorney, even as they continue to claim they had a right to do so. (Def.'s Br. Supp. Mot. Enforce Order 4.)

{20} The May 26 Order also does not unfairly prohibit the Plasmans from operating their business as Plaintiffs claim, as both the May 26 Order and the P.I. Order specifically affirm and protect Chris Plasman's rights as a minority member of Bolier through the imposition of numerous safeguards. *Bolier & Co., LLC*, 2015 NCBC LEXIS 55, at *27, 43.

{21} Finally, the Plasmans contend they have a substantial right to a security bond, yet fail to note that the imposition of a security bond in these circumstances is within the sound discretion of the trial court in both federal and state court. *Clarkson Co. v. Shaheen*, 544 F.2d 624, 632 (2nd Cir. 1976) ("[B]ecause, under Fed. R. Civ. P. 65, the amount of any bond to be given upon the issuance of a preliminary injunction rests within the sound discretion of the trial court, the district court may dispense with the filing of a bond." (citations omitted)); *Keith v. Day*, 60 N.C. App. 559, 562, 299 S.E.2d 296, 298 (1983) ("[t]he [trial court] has power not only to set the amount of security but to dispense with any security requirement whatsoever . . . "). Based on the totality of the circumstances, neither the Federal Court nor this Court concluded that a bond was necessary to secure the P.I. Order, and the Plasmans have failed to carry their burden to show that the failure to require a security bond affected their substantial rights. *See, e.g.*, *Jeffreys v. Raleigh Oaks Joint Venture*, 115 N.C. App. 377, 380, 444 S.E.2d 252, 254 (1994) (citation omitted) ("appellant has the burden of showing . . . that the order deprives the appellant of a substantial right

which would be jeopardized absent a review prior to a final determination on the merits."); *Stancil*, 94 N.C. App. 760 at 763-764, 381 S.E.2d at 722-723 (imposition of security bond did not impair a substantial right).

{22} In sum, the Court is unpersuaded that the Plasmans have any substantial rights that have been adversely impacted by the Court's May 26 Order. To the contrary, it appears to the Court that Plaintiffs' Appeal of the May 26 Order reflects a belated attempt to appeal the P.I. Order long after the 30-day time period to appeal in Federal Court has expired, and that to the extent Plaintiffs' rights have been affected under these circumstances, that impact was caused by the P.I. Order in 2013 rather than by this Court's May 26 Order. Accordingly, for the reasons noted above, the Court concludes that this action should not be stayed pending the Plasmans' Appeal and therefore that the case should proceed in this Court during the pendency of the Plasmans' Appeal.

III.

CONCLUSION

{23} **WHEREFORE**, the Court hereby **ORDERS** that:

a. the temporary stay issued by the Court's July 23 Order is hereby dissolved;

b. this action shall proceed in this Court during the pendency of the Plasmans' Appeal unless otherwise ordered by the Court;

c. Defendants shall have through and including September 8, 2015 (fourteen (14) days from the date of this Order and Opinion) to file and serve their responses to the Second Amended Complaint and to the Supplemented and Amended Third Party Counterclaims, as appropriate; and

d. Defendants' August 24 Motion for Clarification of Court Order is hereby denied as moot.

**SO ORDERED**, this the 2nd day of October 2015.

/s/ Louis A. Bledsoe, III
Louis A. Bledsoe, III
Special Superior Court Judge
for Complex Business Cases