STROUD, Judge.
 

 In April of 2016, plaintiff filed a complaint for absolute divorce and equitable distribution. On 31 May 2016, defendant filed an answer to the complaint which admitted the allegations relevant to absolute divorce but also included a motion to dismiss the claim for equitable distribution, alleging the parties had entered into a "Separation Agreement" ("Agreement") which "addressed the matters of equitable distribution" and thus "waived their right to equitable distribution by the express terms thereof." On 28 June 2016, the trial court entered an order of absolute divorce acknowledging the Agreement but ultimately reserving the issue of equitable distribution for further proceedings.
 

 On 2 December 2016, plaintiff filed a motion to rescind or set aside Agreement based upon fraud, duress, undue influence, Wife's failure to disclose assets, unconscionability, and in the alternative, impossibility of performance. Husband also filed a motion for establishment of child support, alleging that he was unable to pay the child support established by the Agreement and requesting the trial court to set child support according to the North Carolina Child Support Guidelines. The trial court held a hearing on Husband's motion to set aside the Agreement on 23 August, 5 September, and 28 September 2017, and on 27 February of 2018, the trial court entered an order with extensive findings of fact regarding Wife's fraud; failure to disclose many assets to Husband, in breach of paragraph 14 of the Agreement; duress; undue influence; unconscionability; and impossibility. The trial court concluded that Husband was entitled to relief and that the Agreement was void. The trial court decreed that:
 

 1. The June 25, 2015 Contract of Separation and Marital Settlement Agreement is rescinded, set aside, and void and of no legal effect;
 

 2. Plaintiff may proceed on his claim of Equitable Distribution.
 

 Defendant filed a notice of appeal from the 27 February 2018 order. In the "STATEMENT OF GROUNDS FOR APPELLATE REVIEW" in her brief, Wife claims simply that "Judge Buckner's February 27, 2018 Order is a final judgment from a district court in a civil action, and appeal therefore lies to the Court of Appeals pursuant to N.C. Gen. Stat. § 7A-27(b)." But the order is not a final order, since the equitable distribution claim is still pending before the trial court.
 
 [1]
 

 A final judgment is one which disposes of the cause as to all the parties, leaving nothing to be determined between
 

 them in the trial court. An interlocutory order, on the other hand, is one made during the pendency of an action which does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy.
 

 *867
 

 Cagle v. Teachy
 
 ,
 
 111 N.C. App. 244
 
 , 246-47,
 
 431 S.E.2d 801
 
 , 803 (1993) (citation omitted).
 

 When an appeal is interlocutory and not certified for appellate review pursuant to Rule 54(b), the appellant must include in the statement of grounds for appellate review sufficient facts and argument to support appellate review on the ground that the challenged order affects a substantial right. Otherwise, the appeal is subject to dismissal.
 

 Peters v. Peters
 
 ,
 
 232 N.C. App. 444
 
 , 447,
 
 754 S.E.2d 437
 
 , 440 (2014) (citation, quotation marks, and brackets omitted).
 

 Wife has the burden of establishing a right to appeal this interlocutory order:
 

 Rule 28(b) of the North Carolina Rules of Appellate Procedure provides, in relevant part:
 

 An appellant's brief shall contain a statement of the grounds for appellate review. Such statement shall include citation of the statute or statutes permitting appellate review. When an appeal is interlocutory, the statement must contain sufficient facts and argument to support appellate review on the ground that the challenged order affects a substantial right.
 

 While our Supreme Court has held that noncompliance with nonjurisdictional rules such as Rule 28(b) normally should not lead to dismissal of the appeal, when an appeal is interlocutory, Rule 28(b)(4) is not a nonjurisdictional rule. Rather, the only way an appellant may establish appellate jurisdiction in an interlocutory case (absent Rule 54(b) certification) is by showing grounds for appellate review based on the order affecting a substantial right.
 

 Edwards v. Foley
 
 , --- N.C. App. ----, ----,
 
 800 S.E.2d 755
 
 , 756 (citations, quotation marks, ellipses, and brackets omitted),
 
 writ of supersedeas and petition for disc. review denied
 
 ,
 
 370 N.C. 377
 
 ,
 
 807 S.E.2d 571
 
 (2017).
 

 The trial court did not certify the order for review under Rule 54(b), so Wife must show that she has
 

 been deprived of a substantial right pursuant to
 
 N.C. Gen. Stat. §§ 1-277
 
 and 7A-27(d)(1). This Court has stated that to be immediately appealable on the foregoing basis, a party has the burden of showing that: (1) the judgment affects a right that is substantial; and (2) the deprivation of that substantial right will potentially work injury to him if not corrected before appeal from final judgment. Whether a substantial right will be prejudiced by delaying appeal must be determined on a case by case basis.
 

 Collins v. Talley
 
 ,
 
 135 N.C. App. 758
 
 , 760,
 
 522 S.E.2d 794
 
 , 796 (1999) (citation omitted). Wife has made no argument of any deprivation of a substantial right that would be lost without immediate appeal, so she has not carried her burden under Rule 28.
 
 See
 

 Edwards
 
 , --- N.C. App. at ----,
 
 800 S.E.2d at 756
 
 .
 

 In the absence of showing deprivation of a substantial right, although not mentioned by defendant, this Court has jurisdiction to review some interlocutory family law orders under North Carolina General Statute § 50-19.1, but an order ruling upon the validity of a separation agreement is not specifically enumerated as one such order:
 

 Notwithstanding any other pending claims filed in the same action, a party may appeal from an order or judgment adjudicating a claim for absolute divorce, divorce from bed and board, the validity of a premarital agreement as defined by G.S. 52B-2(1), child custody, child support, alimony, or equitable distribution if the order or judgment would otherwise be a final order or judgment within the meaning of G.S. 1A-1, Rule 54(b), but for the other pending claims in the same action.
 

 N.C. Gen. Stat. Ann. § 50-19.1
 
 (2018).
 
 [2]
 
 The order on appeal does not fall within the types of orders set forth in N.C. Gen. Stat. S 50-19.1, and we cannot simply add the validity of a separation and property settlement agreement to this list.
 

 *868
 
 We have also considered whether we should suspend the requirements of the Rules of Appellate Procedure to grant review by certiorari under Rule 2.
 

 Rule 2 of the North Carolina Rules of Appellate Procedure permits this Court to suspend or vary the requirements of the Rules to prevent manifest injustice to a party, or to expedite decision in the public interest. We exercise our authority under Rule 2 to consider the parties' appeals as petitions for certiorari, and we grant certiorari to review the trial court's interlocutory order.
 

 Brown v. City of Winston-Salem
 
 ,
 
 171 N.C. App. 266
 
 , 269-70,
 
 614 S.E.2d 599
 
 , 601-02 (2005) (quotation marks and brackets omitted). We have also considered treating Wife's brief as a petition for certiorari and allowing review under Rule 2, but in our discretion, we decline to do so.
 
 See
 

 State v. Campbell
 
 , --- N.C. App. ----, ----,
 
 810 S.E.2d 803
 
 , 814 ("The decision to allow review under Rule 2 is discretionary[.]"),
 
 writ of supersedeas and disc. review allowed
 
 , --- N.C. ----,
 
 813 S.E.2d 849
 
 (2018). First, Wife did not request a suspension of the Rules under Rule 2. Also, Husband did not file a brief in this appeal, and he may have decided not to file a brief in reliance upon Wife's failure to establish this court's jurisdiction to consider her appeal.
 

 "It is the court's duty to dismiss an appeal
 
 sua sponte
 
 when no right of appeal exists."
 
 Collins
 
 ,
 
 135 N.C. App. at 762
 
 ,
 
 522 S.E.2d at 798
 
 . Since the validity of the Agreement is the only substantive issue addressed in the order appealed, and Wife has not made any argument regarding deprivation of a substantial right, we must dismiss this appeal as interlocutory.
 
 See
 

 Peters
 
 ,
 
 232 N.C. App. at 447
 
 ,
 
 754 S.E.2d at 440
 
 .
 

 DISMISSED.
 

 Judges DIETZ and BERGER concur.
 

 [1]
 

 The motion for establishment of child support was also still pending according to our record.
 

 [2]
 

 North Carolina General Statute § 50-19.1 was first adopted in 2013, and it originally did not include "the validity of a premarital agreement as defined by G.S. 52B-2(1)" in the list of orders for which an interlocutory appeal could be taken; this language was added by an amendment in 2018.
 
 See
 

 N.C. Gen. Stat. § 50-19.1
 
 Editor's Note. North Carolina General Statute § 52B-2(1) defines a "Premarital agreement" as "an agreement between prospective spouses made in contemplation of marriage and to be effective upon marriage." N.C. Gen. Stat. § 52B-2(1) (2017).