A. J. RIVENBARK v. SOUTHMARK CORPORATION AND DREXEL BURNHAM LAMBERT REALTY COMPANY, INC.

No. 8418SC1338

(Filed 1 October 1985)

Appeal and Error § 6.2— interlocutory order not appealable

    An interlocutory order requiring plaintiff to pay into court disputed rentals which he had collected was not immediately appealable. G.S. 1-277; G.S. 7A-27.

APPEAL by plaintiff from *Hobgood, Hamilton H., Judge.* Order entered 14 June 1984 in Superior Court, GUILFORD County. Heard in the Court of Appeals 7 June 1985.

On February 11, 1983 defendant Southmark Corporation bought a tract of Guilford County real estate identified as Wendover Business Park, Phase II from plaintiff and leased the land back to plaintiff for a term ending February 23, 1984. The sales

price of the land was to be partially determined by later developments. Southmark paid plaintiff $2,500,000 when the transaction was closed and agreed to pay more, according to a certain formula, if the annual base rent of leases in effect on February 13, 1984 exceeded a certain amount. In December 1983 defendant Southmark conveyed the property to defendant Drexel Burnham Lambert Realty Company, Inc. subject to the aforesaid agreements. Shortly before February 13, 1984, the date for determining the total purchase price of the land, plaintiff submitted five tenant leases to Southmark for approval, but Southmark contended that the leases were spurious, contrived to improperly raise the purchase price of the land, and refused to approve them. Plaintiff sued defendants for $709,305.75, the additional purchase money due under the formula agreed upon if the leases are genuine, alleging that Southmark's refusal to approve the leases was a breach of contract. By their answer the defendants denied plaintiff's claim, alleged that plaintiff had breached the contract, and asserted several counterclaims of their own.

On 8 March 1984, plaintiff's motion for a preliminary injunction to prevent defendants from taking possession of the leased premises and collecting the rents during the pendency of the action was denied by Judge Hobgood for the reason that plaintiff has a complete remedy at law for the monetary damages sought. The order allowing defendants to take possession of the property and collect the rents until the court ruled otherwise also required them to secure the payment of any final judgment plaintiff might obtain against them by depositing with the court an irrevocable letter of credit in the amount of $800,000. Neither party appealed from this order. On 5 June 1984, defendants alleged that plaintiff had violated the order by collecting rents from the tenants for the months of March and April and moved that plaintiff be held in contempt. In response plaintiff contended that the order did not permit defendants to collect the rents until the letter of credit was deposited, which was after the March and April rentals were paid. After a hearing on the motion, Judge Hobgood entered an order on 14 June 1984, stating that in entering the previous order he intended for defendants to collect the rents beginning with the month of March 1984, and ordered plaintiff to pay the sums collected into court. Plaintiff appealed from this latter order, contending that the judge had no authority to enter it.

Barker v. High

*Smith, Moore, Smith, Schell & Hunter, by Jack W. Floyd, for plaintiff appellant.*

*Petree, Stockton, Robinson, Vaughn, Glaze & Maready, by Norwood Robinson and Robert J. Lawing, for defendant appellees.*

PHILLIPS, Judge.

Though neither party addressed the question this appeal has no business being here and must be dismissed. It is a fragmentary appeal from an interlocutory order that leaves pending and unlitigated all of the claims of both parties; and no substantial right of plaintiff can possibly be affected to the slightest extent if the validity of the order is not determined until after a final judgment is entered in the case. *See* G.S. 1-277, G.S. 7A-27; G.S. 1A-1, Rule 54, N.C. Rules of Civil Procedure; *Waters v. Qualified Personnel,* 294 N.C. 200, 240 S.E. 2d 338 (1978); *N. C. Consumers Power, Inc. v. Duke Power Co.,* 285 N.C. 434, 206 S.E. 2d 178, *reh. denied,* 286 N.C. 547, --- S.E. 2d --- (1974). Indeed, if plaintiff's right to the disputed rentals is established at trial that adjustment can easily be accomplished by the final judgment and even if the judgment is for every cent that plaintiff sued for its collectibility is assured. Thus, not only is the appeal unauthorized by our law, it is also to no purpose.

Dismissed.

Judges BECTON and EAGLES concur.