MICHAEL H. SHUPING, PLAINTIFF v. NCNB NATIONAL BANK OF NORTH CAROLINA, AS EXECUTOR OF THE ESTATE OF EMORY E. JAMES, JR., BUSINESS COMMUNICATIONS, INC., FLOYD BRENDLE, L. GORDON PFEFFERKORN, DEFENDANTS

No. 8821SC674

(Filed 4 April 1989)

**Appeal and Error § 6.2— appeal from injunction—interlocutory appeal**

The trial court's order enjoining defendant from disposing of or encumbering shares of stock of a corporation until a final determination could be made as to whether defendant was legally bound to sell the stock to plaintiff was interlocutory, and defendant's appeal therefrom is dismissed.

APPEAL by defendant NCNB National Bank of North Carolina from *Freeman, Judge*. Order entered 22 March 1988 in Superior Court, FORSYTH County. Heard in the Court of Appeals 24 January 1989.

The appeal is from a preliminary injunction restraining defendant bank from disposing of shares of corporate stock it holds as executor under the will of Emory E. James, Jr. James died owning 88% of the capital stock of Business Communications, Inc., a North Carolina corporation; plaintiff owns 8% and defendants Floyd Brendle and L. Gordon Pfefferkorn own the remaining 4%; the corporation's by-laws provide that upon the death of a shareholder his stock had to be offered to the corporation and if the corporation did not buy it

> . . . the stock must be offered to the remaining stockholders, pro-rata at the book value set out in the last balance sheet, on terms to be set over a period of five (5) years. In the event the remaining stockholders do not purchase the stock, then it may be offered to anyone at any price desirable at any terms the seller desires.

Defendant executor in a letter that reserved the right to claim that the foregoing by-laws provision is not binding offered to sell James' shares to the corporation and after the corporation failed to accept submitted a similar offer to the three surviving shareholders on 27 January 1988. By a writing dated 5 February 1988 plaintiff accepted the offer subject to several conditions, which were explained and supplemented by another writing dated 11 February 1988. The executor, construing the two writings to be a counter-offer, refused to accept it and plaintiff sued, asking that the court declare the rights of the parties and to enjoin defendant executor from disposing of or encumbering the shares. Following a hearing at which all the documents above referred to and several affidavits were presented the court granted the injunction until "a final hearing may be had on the complaint."

*Moore & Brown, by B. Ervin Brown, II, and Wright, Parrish, Newton & Rabil, by Dudley A. Witt, for plaintiff appellee.*

*House, Blanco & Osborn, by Reginald F. Combs, for defendant appellant.*

PHILLIPS, Judge.

The appeal is unauthorized and we dismiss it. Fragmentary, piecemeal appeals from interlocutory orders are not usually permitted in this state; they are authorized only when it appears that a substantial right of the appellant will be lost if the order is

not reviewed before the case has finally run its course in the trial court. G.S. 1-277; G.S. 7A-27(d); *Veazey v. City of Durham*, 231 N.C. 357, 57 S.E. 2d 377 (1950). The preliminary injunction appealed from in this case is such an order, as its effect is temporary rather than permanent, *State v. Fayetteville Street Christian School*, 299 N.C. 351, 261 S.E. 2d 908, *appeal dismissed*, 449 U.S. 807, 66 L.Ed. 2d 11, 101 S.Ct. 55 (1980), and appellant has not shown that any right which the law regards as substantial will be lost if the order remains in effect until the trial court determines whether the appellant is legally bound to sell the stock to plaintiff, as he alleges. Indeed, its argument on the appealability question is only that a substantial right will be lost because the order restrains it from disposing of the stock until the case is tried, and our law does not favor restraints on alienation. This argument begs rather than addresses the appealability question; for G.S. 55-16(c) expressly authorizes North Carolina corporations to restrict the alienation of their stock, the restriction involved was adopted pursuant thereto, and nothing in our law of which we are aware forbids its enforcement. What appellant's arguments do address, extensively, are disputed questions of both fact and law that the trial court has not considered and must determine before we· can; questions it could have determined before now if this appeal had not been attempted.

Appeal dismissed.

Judges COZORT and GREENE concur.