**NATIONAL HOME INSURANCE COMPANY and Home Buyers Warranty Corporation, Respondents,**

**v.**

**SHANGRI–LA DEVELOPMENT COMPANY, Appellant.**

No. 62704.

Missouri Court of Appeals,
Eastern District,
Division Three.

June 15, 1993.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 14, 1993.

Application to Transfer Denied
Aug. 17, 1993.

---

Gary Phillip Paul, Aaron I. Mandel, Clayton, for appellant.

Theresamarie Mantese, J. Dennis O'Leary, William Sitzer, St. Louis, for respondents.

1. The sales contract attached as an exhibit to homeowner's petition provides for a house costing $69,045 including options. The petition,

STEPHAN, Judge.

Homeowners Michael and Debra Westbrook signed a sales contract on February 11, 1989, for the construction of a new house by Shangri–La Development Company ("builder") in Jefferson County, Missouri, for $71,035.[1] National Home Insurance Company ("insurer") had a contract with builder to insure the builder's performance in accordance with construction quality standards under a home buyers warranty policy provided to homeowners. Home Buyers Warranty Corporation ("HBW") was in the business of administering the program to assure builder's performance complied with construction quality standards under a home buyers warranty policy.

Structural and building defects surfaced in homeowners' residence in June and August 1990. In April 1991, homeowners sued builder, insurer and HBW for breach of a third party beneficiary contract, negligence and breach of implied warranty in a five count petition.

Count one against insurer for breach of third party beneficiary contract alleged in part that insurer had refused to pay homeowners as agreed under the Home Buyers Warranty Policy for damage resulting to their home from defects in its construction by the builder's noncompliance with certain construction quality standards. Count two against HBW for negligence alleged that HBW was negligent in several respects, including its failure to gather accurate information to verify whether homeowners' residence was structurally sound and conformed to the construction quality standards of the Home Buyers Warranty Policy, as well as its faulty investigation of homeowners' claim and its determination that no structural defects within the terms of the Home Buyers Warranty Policy existed. Count three echoed count one, only the breach of third party beneficiary contract was directed against HBW in count three. Count four against builder alleged that builder breached its contract to make re-

however, alleges the contract price as $71,035, the same price listed in the Home Buyers Warranty.

pairs under the terms of the Home Buyers Warranty Policy for defects in homeowners' residence resulting from builder's noncompliance with construction standards contained in the warranty policy. In count five against builder, homeowners alleged builder's breach of implied warranty because of numerous construction defects in their residence.

In response to homeowners' lawsuit, builder filed a motion to stay the case. The circuit court ruled that the federal arbitration act applied to the case, determined that the arbitration provision in the home buyers warranty policy was a condition precedent to homeowners' filing the lawsuit and further ordered that the circuit court action be stayed pending arbitration.

An arbitration hearing was held on April 30, 1992. The arbitration award entered on May 13, 1992, listed the claims arbitrated with the following disposition:

1. Structural warranty claim —denied.
2. Workmanship warranty claim —stabilize site.
 —repair wood at bay window.
 —repair nail pops in bedroom ceilings.
3. Implied warranty claim —did not consider.

---

Homeowners then moved for the circuit court to confirm the arbitration award and to reopen the circuit court case for an adjudication of the implied warranty claim, count five of their petition. Insurer and HBW also moved for confirmation of the award and for their dismissal from the lawsuit since the arbitrator denied the structural warranty claim upon which their liability in the lawsuit had been predicated. Insurer and HBW also asked to be dismissed because, under the terms of the home buyers warranty booklet, the party responsible under the workmanship warranty claim for defects in the workmanship of the homeowners' residence was not the insurer or HBW, but the builder. Shangri–La, the builder, asked that the arbitrator's award be set aside as being in excess of his power. Alternatively, builder sought to have the award modified and corrected to specify the meaning of the arbitrator's award concerning "stabilizing site" and what was meant by the arbitrator's decision "did not consider" the implied warranty claim of homeowners against builder.

On July 10, 1992, the circuit court confirmed the arbitrator's award. The court entered judgment finding builder, insurer and HBW liable on the workmanship claim and required builder to stabilize the site, to repair wood at the bay window and to repair nail pops in the bedroom ceilings in accordance with the arbitration award by August 10, 1992. If builder failed to do so by August 10, 1992, then insurer and HBW had until October 10, 1992, to complete the repairs. If the repairs were not made by October 20, 1992, then the workmanship claim was to be submitted to a jury against builder, insurer and HBW for the jury's determination of the reasonable costs of such repairs, not to exceed the policy limits of $71,035. Additionally, the jury would also determine insurer's liability, if any, for vexatious delay in count one concerning the workmanship claim and, if liable, then damages as well.

The court further ordered that the case be submitted to a jury on the alleged liability and damages owed to homeowners by builder for breach of implied warranty in count five. The court vacated its September 1991 stay order so that the parties could proceed on count five, denied builder's motion to vacate or modify the award and specifically stated that it entered judgment on the four other counts as provided in its order. The court designated its order final for purposes of appeal. Builder promptly appealed.

On October 19, 1992, during the pendency of the appeal, homeowners transferred all of their interest in this case to

insurer and HBW. Insurer and HBW took the assignment of interest from homeowners after insurer and HBW had paid homeowners $71,035, the full amount of their warranty coverage. Insurer and HBW paid this amount because builder had failed to complete performance by August 24, 1992, on the workmanship claim as ordered by the trial court. Insurer and HBW then filed a cross-claim against builder for reimbursement for the amount paid under the terms of the warranty and for additional costs incurred.

On November 24, 1992, this court substituted insurer and HBW as parties plaintiffs and respondents in lieu of homeowners on this appeal. On February 3, 1993, insurer and HBW subsequently dismissed count five of the petition against builder in the circuit court. Builder first attacks whether the arbitration award was a final award subject to arbitration and second, whether jurisdiction to confirm the award was properly vested in the state circuit court. We address the points in order.

In its first point, builder asserts that the arbitrator failed to consider one of the claims submitted to him, specifically, the implied warranty claim against builder in count five of homeowners' petition. In conjunction with this point, respondents insurer and HBW filed a motion, which was taken with the case, to dismiss the point as moot.

We agree with respondents that appellant's first point is moot. Builder's first point concerns the arbitrator's decision on the homeowners' implied warranty claim against builder, count five of their petition. The arbitrator expressly ruled that he "did not consider" this claim. Builder claims the arbitrator's failure to pass on all the matters submitted to him rendered the award invalid and not subject to confirmation.

The point is now moot because respondents, who took an assignment of interest from homeowners in their action in October 1992, dismissed count five concerning the implied warranty claim against builder in February 1993. Even were we to conclude the award is not final, and remand to the circuit court with directions to vacate the award, its resubmission of the action for further arbitration seems pointless. Since the implied warranty claim has been dismissed, the arbitrator would, once again, "not consider" the implied warranty claim. Thus, our decision would have no practical effect upon this controversy.

 Moreover, even if we did not find this issue moot, we believe that where the arbitration was mandated by a contractual provision between the parties stipulating what matters were subject to arbitration, an arbitrator is under no duty to decide issues not specifically contained within that contractual provision. *See Annot.*, "Determination of Validity of Arbitration Award under Requirement that Arbitrators Shall Pass on all Matters Submitted," 36 A.L.R.3d 649 (1971). Nothing in the warranty policy suggests that the parties' agreement to arbitrate encompassed homeowners' claim against builder for breach of implied warranty. While we decline to address this point further, we also observe that Missouri has recognized that, although the arbitrators may fail to pass on all the matters submitted, such failure does not invalidate the award where the omission is harmless. *See e.g. Beckett v. Wigglesworth*, 178 S.W. 898 (Mo.App.1915). *But cf. Stix & Co. v. Schoor*, 579 S.W.2d 160 (Mo.App.1979) (court recognized rule that failure to pass on all matters renders arbitration award invalid where parties have stipulated that all issues be resolved by arbitration). We grant respondents' motion to dismiss point one of builder's appeal as moot.

Builder contends in his second point that the circuit court lacked jurisdiction because of 9 U.S.C. § 9 of the Federal Arbitration Act. Section 9 provides in pertinent part: "If no court is specified in the agreement of the parties, then such application [for an order confirming the award] may be made to the United States court in and for the district within which such award was made." Builder states that the parties' agreement did not specify a confirmation court so that exclusive jurisdiction of this case was in the United States District Court for the Eastern District of Missouri, and not the state circuit court.

■ For several reasons we reject this contention. The Federal Arbitration Act clearly vests concurrent subject matter jurisdiction in both the state and federal courts. Although Missouri courts have never construed the language of section 9 of the federal arbitration act, our Missouri Supreme Court has explicitly rejected the argument that the federal statute cannot be applied to a proceeding in the Missouri courts and has upheld the right to bring an action under the federal arbitration act in state court. *Bunge Corp. v. Perryville Feed & Produce, Inc.*, 685 S.W.2d 837, 839 (Mo. banc 1985). In *Moss v. Prudential–Bache Securities, Inc.*, 581 A.2d 1138 (Del. 1990), the appellant, like builder here, claimed that under 9 U.S.C. § 9, the state court lacked jurisdiction to adjudicate the confirmation of an arbitration award. *Id.* at 1138–39. The Delaware Supreme Court held the state court's jurisdiction to be proper, *id.* at 1140, succinctly reasoning as follows:

> Section Nine of the Act is *merely a venue statute* and was never intended to create exclusive federal question subject matter jurisdiction in the federal courts. *See Southland Corp. v. Keating*, 465 U.S. 1, 16 n. 9, 104 S.Ct. 852, 861 [n. 9], 79 L.Ed.2d 1 (1984) (Act 'does not create any independent federal question jurisdiction under 28 U.S.C. § 1331 or otherwise'); *Moses H. Cone Memorial Hospital v. Mercury Const. Corp.*, 460 U.S. 1, 25 & n. 32, 103 S.Ct. 927, 942 [& n. 32], 74 L.Ed.2d 765 (1983) ('federal courts' jurisdiction to enforce the Arbitration Act is concurrent with that of the state courts' and the Act does not create 'independent federal-question jurisdiction').

581 A.2d at 1140. In Georgia, the appellate court upheld a state court's authority to confirm an arbitration award pursuant to 9 U.S.C. § 9. *Hilton Const. v. Martin Mechanical Contractors, Inc.*, 166 Ga.App. 40, 303 S.E.2d 119, 120–21 (Ga.App.), *aff'd*, 251 Ga. 701, 308 S.E.2d 830 (Ga.1983). We find these authorities are persuasive in reaching our holding that the state court's jurisdiction to confirm the arbitration award was proper.

In addition, section 9 expressly provides "application *may* be made to the United States court in and for the district within which such award was made." (Emphasis added.) "May" bespeaks permissive, rather than mandatory, language. While it has been said that in all venue cases the word "may" is uniformly construed as meaning "must" or "shall", *Moseley v. Sunshine Biscuits*, 107 F.Supp. 164, 165 (W.D.Mo. 1952), our supreme court has held that "may" does not always mean "shall", *State ex rel. Connor v. City of St. Louis*, 158 Mo. 505, 59 S.W. 1101, 1102 (1900). Furthermore, "[t]he word 'may' is sometimes construed as mandatory, but more frequently otherwise." *State ex rel. Coleman v. Blair*, 245 Mo. 680, 151 S.W. 148, 151 (1912). We are satisfied its construction here does not imply exclusive federal jurisdiction.

■ Finally, since section 9 constitutes a special venue statute, builder waived the issue of venue by not initially raising it as a defense under Rule 55.27. Without deciding whether an independent basis for federal jurisdiction may have existed, we also note that at no time did builder ever file a petition for removal of the action to the appropriate United States district court, either at the time it filed its petition to stay the state court proceeding and to order arbitration or when it filed its motion to set aside the arbitrator's award. *See Lesser Towers, Inc. v. Roscoe–Ajax Const. Co.*, 258 F.Supp. 1005 (S.D.Cal.1966) (Petition to remove arbitration case from state to federal court was untimely when not filed within 20–day period which began to run from the date of the first state action relating to the arbitration, *i.e.*, the petition in state court for an order to arbitrate.) We deny builder's second point. Our determination of builder's second point renders moot the remaining motions by the parties taken with the case.

The judgment of the trial court is affirmed in all respects.

GARY M. GAERTNER, P.J., and SMITH, J., concur.