CB&I CONSTRUCTORS, INC., PLAINTIFF v. TOWN OF WAKE FOREST, NORTH CAROLINA; AND LANDMARK STRUCTURES I, L.P., DEFENDANTS

No. COA02-1100

(Filed 6 May 2003)

**1. Injunction— permanent—exceeded scope of jurisdiction**

The trial court erred in an action concerning the alleged improper award of a construction contract for a proposed water tank by granting a permanent injunction and awarding affirmative injunctive relief, because the granting of the permanent injunction exceeded the jurisdiction of the court by determining the controversy on its merits when the hearing was to determine

whether the temporary restraining order should be continued as a preliminary injunction.

**2. Appeal and Error— appealability—interlocutory order— issuance of preliminary injunction**

An appeal from the trial court's grant of a preliminary injunction in an action concerning the alleged improper award of a construction contract for a proposed water tank is an appeal from an interlocutory order and is dismissed, because: (1) the preliminary injunction maintains the status quo and all parties remain free to fully litigate the merits of the case in the correct procedural context before the trial court to determine whether defendant company's bid was responsive to the invitation for bids; and (2) no substantial right has been shown to be implicated.

Appeal by defendant from order entered 11 July 2002 by Judge Evelyn Hill in Wake County Superior Court. Heard in the Court of Appeals 19 February 2003.

*Ogletree, Deakins, Nash, Smoak & Stewart, P.C., by Kimila L. Wooten, and Keith E. Coltrain, for plaintiff-appellee, CB&I Constructors, Inc.*

*Wyrick Robbins Yates & Ponton, L.L.P., by Benjamin N. Thompson, Lee M. Whitman, and Jennifer M. Miller, for defendant-appellee, Town of Wake Forest, North Carolina.*

*Lewis & Roberts, P.L.L.C., by A. Graham Shirley and James A. Roberts, III, for defendant-appellant, Landmark Structures I, L.P.*

CALABRIA, Judge.

This appeal arises from a Wake County Superior Court order issuing preliminary and permanent injunctive relief concerning the award of the construction of an elevated water tank needed to alleviate concerns associated with the sufficiency of the current water supply in the Town of Wake Forest ("Wake Forest"). After Wake Forest selected a site for the future water tank, a subsurface investigation evaluated site grading and foundation support considerations. The resulting report ("Geotech report") analyzed two commonly utilized foundations, shallow spread footing foundations and pile foundations, as well as the amount of settlement that could be expected from each foundation. The pile foundation, although more costly than the shal-

low spread footing foundation, benefits from lower differential settlement. Thereafter, Wake Forest employed the engineering consulting firm of Hazen and Sawyer to prepare an invitation for bids ("IFB") for the construction of the future water tower.

Wake Forest issued the IFB in January of 2002. The IFB set forth mandatory specifications for the design of the water tank, its components, and its foundation. It also included illustrative drawings and the Geotech report as an attachment. Any party submitting a bid was required to design and submit a foundation as shown in the drawings and compliant with the mandatory specifications contained in the IFB.

CB&I Constructors, Inc. ("CB&I") and Landmark Structures I, L.P. ("Landmark") are businesses engaged in the commercial construction of water tanks who both submitted bids in response to the IFB. Landmark interpreted the IFB to allow a manufacturer to design and submit a shallow spread footing foundation, while CB&I interpreted the IFB to require a pile foundation. When the bids were opened, Landmark had submitted the lowest bid.

Instead of awarding the contract to Landmark as the lowest responsive bidder, Wake Forest contacted Landmark with several concerns. These concerns included the differential settlement that could be expected if a shallow spread footing foundation, as proposed in their bid, was utilized as well as whether the bid complied with the foundation required by the specifications in the IFB. Thereafter, Landmark agreed to provide a pile foundation for the same price as the price stated in their bid, and Wake Forest voted to award the contract to Landmark.

CB&I initiated this action against Wake Forest on 31 May 2002 alleging Wake Forest improperly awarded the construction contract of the proposed water tank to Landmark. CB&I contended the bid submitted by Landmark to Wake Forest was not responsive to the mandatory foundation specifications in the IFB, that Wake Forest engaged in inappropriate post-bid negotiations with Landmark, and that CB&I should be awarded the construction contract as the lowest responsible, responsive bidder on the project pursuant to N.C. Gen. Stat. §§ 143-128, -129. CB&I sought a declaratory judgment and injunctive relief, or, in the alternative, monetary damages.

On 6 June 2002, Judge Ripley Rand entered a temporary restraining order prohibiting Wake Forest from executing a contract with

Landmark or any other contractor other than CB&I for the water tank construction project. The trial court also set a hearing on a preliminary injunction for 14 June 2002, the same day as the expiration of the temporary restraining order. On 14 June 2002, with the consent of all parties, the trial court joined Landmark as a necessary party. After the hearing, the trial court granted both preliminary and permanent injunctive relief "prohibiting the award of the Project to any entity other than CB&I . . . [and] directing [Wake Forest] to issue a notice of award for the Project to CB&I. . . ." It was the express intention of the trial court to "dispose of all claims including [CB&I's] claim for a declaratory judgment" which was made moot by the order. Landmark appeals.

**[1]** Before we address Landmark's assignments of error, we must determine whether the order of the trial court is properly presented to this Court. Because we find the trial court exceeded its jurisdiction with respect to the permanent injunction and the order was interlocutory with respect to the preliminary injunction, we vacate in part and remand in part for further proceedings.

I. Permanent Injunction

"A permanent injunction is an extraordinary equitable remedy and may only properly issue after a full consideration of the merits of a case." *Shishko v. Whitley*, 64 N.C. App. 668, 671, 308 S.E.2d 448, 450 (1983). "A judge conducting a hearing to determine whether a temporary restraining order should be continued as a preliminary injunction . . . has no jurisdiction to determine a controversy on its merits." *Everette v. Taylor*, 77 N.C. App. 442, 444, 335 S.E.2d 212, 214 (1985) (holding "it was error for the court to issue a permanent injunction at a hearing to show cause why a temporary restraining order should not be continued [via a preliminary injunction]"). "[Where] the judgment entered [is] beyond the jurisdiction of the judge . . ., such jurisdiction [cannot] be conferred by agreement, and objection to the jurisdiction may be made at any stage of a proceeding, even in the Supreme Court[.]" *MacRae & Co. v. Shew*, 220 N.C. 516, 518, 17 S.E.2d 664, 665 (1941).

On 14 June 2002, Judge Evelyn Hill conducted a hearing to determine whether the temporary restraining order, granted previously and set to expire on the day of the hearing, should be continued as a preliminary injunction. However, at the conclusion of the hearing, the trial court granted both a preliminary and a permanent injunction, which, by intent and effect, determined the controversy on its merits.

The granting of the permanent injunction exceeded the jurisdiction of the court. Accordingly, that portion of the order granting the permanent injunction and awarding affirmative injunctive relief is vacated.

II. Preliminary Injunction

**[2]** Because the portion of the order granting a permanent injunction has been vacated, the dispositive remaining question is whether the remainder of the order granting a preliminary injunction is interlocutory. "The purpose of a preliminary injunction is ordinarily to preserve the *status quo* pending trial on the merits." *State v. School*, 299 N.C. 351, 357, 261 S.E.2d 908, 913 (1980). "Its impact is temporary and lasts no longer than the pendency of the action. Its decree bears no precedent to guide the final determination of the rights of the parties. In form, purpose, and effect, it is purely interlocutory." *Id.*, 299 N.C. at 357-58, 261 S.E.2d at 913. "As a result, issuance of a preliminary injunction cannot be appealed prior to final judgment absent a showing that the appellant has been deprived of a substantial right which will be lost should the order 'escape appellate review before final judgment.'" *Clark v. Craven Regional Medical Authority*, 326 N.C. 15, 23, 387 S.E.2d 168, 173 (1990) (quoting *State v. School*, 299 N.C. at 358, 261 S.E.2d at 913). The appellant has the burden of showing that a substantial right would be prejudiced without immediate review. *Abe v. Westview Capital*, 130 N.C. App. 332, 334, 502 S.E.2d 879, 881 (1998).

Landmark asserts a substantial right is implicated because if the preliminary injunction is left in place, Wake Forest would arguably be required to award the contract to CB&I. We disagree. Paragraph 30 of the trial court's order reads as follows:

Based on these facts, the Court hereby issues a preliminary and permanent injunction prohibiting the award of the Project to any entity other than CB&I. In addition, the Court issues affirmative injunctive relief, directing the Town to issue a notice of award for the Project to CB&I within five (5) days of the date of this Order.

As noted previously, because the affirmative injunctive relief and the portion of the order purporting to be a permanent injunction impermissibly decide the merits of the case, both exceed the jurisdiction of the trial court and have been vacated. The remaining, valid portion of paragraph 30 does not require Wake Forest to award the contract to anyone; rather, it requires merely that Wake Forest award the contract to no one other than CB&I. Wake Forest has asserted

Landmark's bid was responsive and Landmark should be awarded the contract. The purpose of issuing the temporary restraining order and preliminary injunction was to prevent Wake Forest from acting on that assertion by awarding the contract to Landmark. Accordingly, the preliminary injunction maintains the *status quo*, and all parties remain free to fully litigate the merits of the case in the correct procedural context before the trial court to determine whether Landmark's bid was responsive to the IFB. No substantial right has been shown to be implicated; therefore, the order of the trial court issuing a preliminary injunction is interlocutory, not appropriately before this Court, and the appeal from the preliminary injunction is dismissed.

In sum, the portion of the order effectively determining the controversy on its merits, including the affirmative injunctive relief and the permanent injunction, is vacated. The portion of the order issuing a preliminary injunction is interlocutory. All other claims presented by the parties await a final resolution on the merits before the trial court. The appeal is dismissed in part as interlocutory and remanded for further proceedings consistent with this opinion.

Vacated in part, dismissed in part, and remanded in part.

Judges McCULLOUGH and TYSON concur.