SCOTTISH RE LIFE CORPORATION, MOVANT-APPELLEE v. TRANSAMERICA OCCIDENTAL LIFE INSURANCE COMPANY, RESPONDENT-APPELLANT

No. COA06-1278

(Filed 3 July 2007)

**1. Appeal and Error— appealability—provisional order pending arbitration—substantial right**

A substantial right was affected and an appeal was addressed on its merits where the trial court issued an arbitration order in a dispute between two insurance companies, then issued an order for provisional remedies pending arbitration.

**2. Arbitration and Mediation— provisional remedies pending arbitration—not preempted by FAA**

Although the contracts between the parties affect interstate commerce and contain mandatory arbitration clauses so that the Federal Arbitration Act (FAA) applies to the dispute between the parties, the FAA did not preempt application by the trial court of the state law provisional remedies of the Revised Uniform Arbitration Act (RUAA) because the provisional remedies of the RUAA do not undermine the objectives of the FAA.

**3. Arbitration and Mediation— provisional remedies pending arbitration—not ruling on arbitrable dispute**

The trial court's grant of provisional remedies under the RUAA pending arbitration of the contract dispute between a reinsured and the reinsurer's successor was not an improper ruling on the merits of the arbitrable dispute where the court's order stated that it is temporary in nature, modifiable at the arbitrators' discretion, and without prejudice to and has no bearing on the parties' respective positions before the arbitration panel as to provisional relief or the merits.

IN THE COURT OF APPEALS 293

SCOTTISH RE LIFE CORP. v. TRANSAMERICA OCCIDENTAL LIFE INS. CO.

[184 N.C. App. 292 (2007)]

**4. Arbitration and Mediation— provisional remedies pending arbitration—good cause**

Good cause existed for the trial court to grant provisional relief pending arbitration of the dispute between a reinsured and the reinsurer's successor based upon the difficulties in finding and convening an appropriate arbitration panel and the danger of dissipation of the assets at stake in the dispute.

Judge WYNN concurring.

Judge GEER concurring in the result.

Appeal by respondent from order entered 31 May 2006 by Judge Robert C. Ervin in Mecklenburg County Superior Court. Heard in the Court of Appeals 25 April 2007.

*Nelson Mullins Riley & Scarborough, LLP, by Joseph W. Eason, Reed J. Hollander, and Fred M. Wood, Jr., for movant-appellee.*

*Kennedy Covington Lobdell & Hickman, LLP, by Cory Hohnbaum and Amy Pritchard Williams, for respondent-appellant.*

*Sidley Austin LLP, by William M. Sneed and Sarah H. Newman, for respondent-appellant.*

ELMORE, Judge.

Scottish Re Life Corporation (appellee) entered into reinsurance contracts with Annuity and Life Reassurance Ltd. (ALR). The contracts required ALR to maintain significant assets in a trust for appellee's benefit. In 2005, Transamerica Occidental Life Insurance Company (appellant) assumed all of ALR's obligations to appellee by executing a novation agreement. As part of the novation agreement, appellee agreed to release its interest in the trust to appellant. After the release of the funds, appellee discovered that appellant was not licensed or accredited by the State of New York. As this affected appellee's financial status and ability to do business in New York, appellee demanded that appellant provide some form of security that would allow appellee to qualify for reserve credit. Appellant responded that it had not agreed to assume certain liabilities and that in agreeing to the novation agreement it had relied upon representations appellee made regarding billing, which it had subsequently determined were false. Appellant therefore stated that it was entitled to rescind the novation agreement.

SCOTTISH RE LIFE CORP. v. TRANSAMERICA OCCIDENTAL LIFE INS. CO.

[184 N.C. App. 292 (2007)]

Although appellant offered to arbitrate in the event that the parties were unable to come to a satisfactory resolution through less formal means, appellee did not initially institute arbitration proceedings. Instead, appellee filed a motion to compel arbitration on 8 February 2006. It subsequently amended its motion on 15 February 2006, and on 23 February 2006, appellee filed a motion for provisional and/or injunctive relief. The trial court heard both motions on 16 March 2006. The trial court, with the agreement of both parties, issued an order directing arbitration. The trial court then issued an order for provisional remedies, entered 31 May 2006. The order required appellant to either repudiate its claim of rescission or return the assets it had received as part of the novation agreement to a qualifying trust for appellee's benefit. Limits were placed on the withdrawal of those funds, and appellee was required to post a bond of $250,000.00. Moreover, the trial court explicitly stated that its order of provisional relief was "without prejudice to any or all additional provisional remedies, if any, that [the trial court] or the arbitration panel . . . determines is appropriate, and [was] further without prejudice to the authority of that arbitration panel . . . to modify, supplement or vacate the provisional relief ordered . . . ." It is from this order that appellant appeals.[1]

[1] As a preliminary matter, we note that appellee argues strenuously for the dismissal of this case. As this Court has stated, "A preliminary injunction is an interlocutory order. . . . An appeal of an interlocutory order will not lie to an appellate court unless the order deprives the appellant of a substantial right which would be jeopardized absent a review prior to a final determination on the merits." *Barnes v. St. Rose Church of Christ*, 160 N.C. App. 590, 591, 586 S.E.2d 548, 549-50 (2003) (quotations and citations omitted). Accordingly, to properly hear this appeal, we must find that the relief the trial court granted appellee jeopardizes appellant's substantial rights. "A two-part test has emerged to decide if an immediate appeal of an interlocutory order is warranted: the right itself must be substantial and the deprivation of that substantial right must potentially work injury . . . if not corrected before appeal from final judgment." *Id.* at 591-92, 586 S.E.2d at 550 (citations and quotations omitted). Given the large amount of money at issue in this case, the fact that the trial court

---

1. Both parties accuse the other of arguing the merits of the underlying dispute to the trial court and to this Court. Both parties then proceed to do exactly that. For the purposes of this appeal, the underlying dispute is only marginally relevant. We therefore decline to delve deeper into the facts. Instead, we will focus on the trial court's order for provisional remedies, from which this appeal was taken.

SCOTTISH RE LIFE CORP. v. TRANSAMERICA OCCIDENTAL LIFE INS. CO.

[184 N.C. App. 292 (2007)]

impinged appellant's right to the use and control of those assets, and the unavoidable and lengthy delays, acknowledged by both parties, preceding actual arbitration of the matter, we hold that appellee must be granted its appeal to preserve a substantial right. We therefore address this appeal on its merits while confining our decision to do so to the facts of this particular case.

[2] Appellant first contends that the trial court erred in failing to hold that this dispute is governed by federal and not state law. Appellant argues that because the contracts between the parties affect interstate commerce and contain mandatory arbitration clauses, the dispute is governed by the Federal Arbitration Act (FAA) and not the Revised Uniform Arbitration Act (RUAA). While appellant is correct in its assertion that the FAA applies, it is incorrect in its assumption that the RUAA is therefore entirely preempted. Accordingly, this contention is without merit.

The United States Supreme Court has held that "[t]he FAA contains no express pre-emptive provision, nor does it reflect a congressional intent to occupy the entire field of arbitration." *Volt Info. Scis. v. Bd. of Trs.*, 489 U.S. 468, 477, 103 L. Ed. 2d 488, 499 (1989) (citation omitted).[2] Because state law is preempted only "to the extent that it actually conflicts with federal law," we must therefore determine whether application of the RUAA "would undermine the goals and policies of the FAA." *Id.* at 477-78, 103 L. Ed. 2d at 499.

"The [FAA] was designed to overrule the judiciary's longstanding refusal to enforce agreements to arbitrate, and place such agreements upon the same footing as other contracts." *Id.* at 474, 103 L. Ed. 2d at 497. The trial court's application of the provisional remedies of the RUAA do not undermine this purpose. To the contrary, the RUAA itself is the successor statute of a legislative attempt "to insure the enforceability of agreements to arbitrate in the face of oftentimes hostile state law." *See* National Conference of Commissioners on Uniform State Law, Uniform Arbitration Act (2000), prefatory note, available at http://www.law.upenn.edu/bll/ulc/uarba/arbitrat1213.htm (last visited 10 May 2007). Likewise, the clause under which the trial

---

2. We note appellant's contention that *Volt* has been limited to its facts. Nevertheless, the basic preemption principles enunciated by the United States Supreme Court in *Volt* remain instructive. Moreover, the "goals and policies of the FAA" remain consistent regardless of whether they are considered in the context of a choice of law provision, as in *Volt*, or in the broader context of the availability of provisional remedies, as in the current case. Although we note that the *Volt* decision dealt specifically with an arbitration provision in which the parties agreed to be bound by state principles, we nevertheless find its reasoning on the preemption issue controlling.

court granted appellee provisional relief "allows courts to grant provisional remedies in certain circumstances *to protect the integrity of the arbitration process.*" *Id.* (emphasis added). Moreover, by its own terms the trial court's order is subject to modification, supplementation, or vacation by the arbitrator. Appellant's contention that the FAA preempts the RUAA in this case is incorrect.

[3] Appellant next argues that the trial court erred by ruling on the merits of the arbitrable dispute. Appellant contends that although appellee's motion for provisional relief was "cast in terms of preserving the status quo pending arbitration," in reality it "sought nothing of the kind." Instead, appellant argues, the motion sought specific performance of a contractual provision. Appellant further accuses appellee of inviting the trial court to "wade into the substantive dispute," and the trial court of "readily accept[ing] the invitation." This argument is unpersuasive. By its plain terms, the trial court's order does not address the merits of the underlying dispute. It instead explicitly states that it is temporary in nature, that it is modifiable at the arbitrators' discretion, and that it "is without prejudice to and has no bearing on, the parties' respective positions before the arbitration panel as to provisional relief or the merits."

[4] Appellant also argues that the trial court erred by granting provisional relief because appellee established none of the required elements for such relief. Throughout its argument, appellant relies extensively and exclusively on federal law.[3] However, as we have noted, the RUAA applies in this case. That statute states:

> Before an arbitrator is appointed and is authorized and able to act, the court, upon motion of a party to an arbitration proceeding and for good cause shown, may enter an order for provisional remedies to protect the effectiveness of the arbitration proceeding to the same extent and under the same conditions as if the controversy were the subject of a civil action.

N.C. Gen. Stat. § 1-569.8(a) (2005). Accordingly, so long as appellee showed "good cause," the trial court could order provisional remedies to the same degree possible in a state court action.

In this case, there was good cause shown. At oral arguments, both parties acknowledged the difficulties in finding and convening an appropriate arbitration panel for these types of disputes. Given these

---

3. Indeed, in over seven pages of text, appellant cites to only one North Carolina case, *Redlee/Scs, Inc. v. Pieper*, 153 N.C. App. 421, 426, 571 S.E.2d 8, 13 (2002), and that only as an example of an employee's improper solicitation claim.

SCOTTISH RE LIFE CORP. v. TRANSAMERICA OCCIDENTAL LIFE INS. CO.

[184 N.C. App. 292 (2007)]

difficulties and the danger of the dissipation of the assets at stake, there was good cause for the trial court to grant provisional relief.

Moreover, the remedy granted would have been available to the trial court were this controversy "the subject of a civil action." As this Court has recently stated,

> [I]n order to justify continuing [an injunction] until the final hearing, ordinarily it must be made to appear (1) that there is probable cause the plaintiff will be able to establish the asserted right, and (2) that there is a reasonable apprehension of irreparable loss unless the temporary order of injunction remains in force, or that in the opinion of the court such injunctive relief appears to be reasonably necessary to protect the plaintiff's rights until the controversy can be determined.

*Harris v. Pinewood Dev. Corp.*, 176 N.C. App. 704, 710, 627 S.E.2d 639, 643-44 (2006) (quoting *Edmonds v. Hall*, 236 N.C. 153, 156, 72 S.E.2d 221, 223 (1952)). Here, were the underlying controversy before the trial court, it is clear that if appellant's claim of rescission were granted the trial court would likewise order restitution. *See Mashburn v. First Investors Corp.*, 111 N.C. App. 398, 402, 432 S.E.2d 869, 871 (1993) (quoting *Brannock v. Fletcher*, 271 N.C. 65, 74, 155 S.E.2d 532, 542 (1967) for the proposition that "[r]escission is not merely a termination of contractual obligation[s, but rather an] abrogation or undoing of it from the beginning.") Appellee would therefore have been entitled to the reestablishment of a trust for its benefit were rescission granted. Moreover, had the trial court not granted its relief, there was a "reasonable apprehension of irreparable loss." If the assets were not held in trust pending resolution of the dispute, there was a danger that rescission would be granted but that the assets would be unavailable for restitution. Accordingly, the trial court appropriately granted the provisional relief as empowered under N.C. Gen. Stat. § 1-569.8(a) (2005).

Furthermore, even if we were persuaded by appellant's demand that this Court apply solely federal law, the outcome would not change. As the Fourth Circuit has stated,

> [W]here a dispute is subject to mandatory arbitration under the Federal Arbitration Act, a district court has the discretion to grant a preliminary injunction to preserve the status quo pending the arbitration of the parties' dispute if the enjoined conduct would render that process a "hollow formality." The arbitration process would be a hollow formality where "the arbitral award

SCOTTISH RE LIFE CORP. v. TRANSAMERICA OCCIDENTAL LIFE INS. CO.

[184 N.C. App. 292 (2007)]

when rendered could not return the parties substantially to the *status quo ante.*"

*Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Bradley,* 756 F.2d 1048, 1053-54 (4th Cir. 1985) (quoting *Lever Brothers Co. v. International Chemical Workers Union, Local 217,* 554 F.2d 115, 123 (4th Cir. 1976)). Here, for the arbitrators' decision to have any weight, it was necessary that the assets at issue be preserved. The relief granted by the trial court ensured that the arbitration panel would be able to act effectively and with all available remedies.

The order of the trial court is therefore affirmed.

Affirmed.

Judge WYNN concurs by separate opinion.

Judge GEER concurs in result only by separate opinion.

WYNN, Judge, concurring.

I concur with the decision to address the merits of this matter. To dismiss this appeal as interlocutory would effectively render this matter moot, since the trial court provided only a provisional remedy until the arbitration panel is convened. As the trial court stated, "[t]his Order and this provisional relief is without prejudice to . . . the authority of that arbitration panel, once appointed and able to act, *to modify, supplement or vacate the provisional relief ordered here by this Court.*" (Emphasis added).

GEER, Judge, concurring in the result.

Transamerica Occidental Life Insurance Company ("Transamerica") has appealed an order awarding provisional relief pending the parties' arbitration. *See* N.C. Gen. Stat. § 1-569.8(a) (2005) ("Before an arbitrator is appointed and is authorized and able to act, the court, upon motion of a party to an arbitration proceeding and for good cause shown, may enter an order for provisional remedies to protect the effectiveness of the arbitration proceeding to the same extent and under the same conditions as if the controversy were the subject of a civil action."). I note that a "provisional remedy" is:

A temporary remedy awarded before judgment and pending the action's disposition, such as a temporary restraining order, a pre-

SCOTTISH RE LIFE CORP. v. TRANSAMERICA OCCIDENTAL LIFE INS. CO.

[184 N.C. App. 292 (2007)]

liminary injunction, a prejudgment receivership, or an attachment. Such a remedy is intended to maintain the status quo by protecting a person's safety or preserving property.

*Black's Law Dictionary* 1320 (8th ed. 2004).

The order granting a provisional remedy in this case, like any preliminary injunction, is an interlocutory order and, generally, such orders are not entitled to immediate review. After reviewing the parties' arguments and the pertinent case law, I can perceive no basis for treating this appeal any differently than any other appeal from a preliminary injunction. This appeal is simply about a temporary loss of control over money. Because I believe Transamerica has failed to establish a basis for this Court's asserting jurisdiction over this appeal, I would dismiss the appeal. Consequently, I must respectfully concur in the result only.

Our state constitution provides that "[t]he Court of Appeals shall have such appellate jurisdiction as the General Assembly may prescribe." N.C. Const. art. IV, § 12(2). Thus, in the absence of a statutory right to appeal to this Court, we have no jurisdiction. *See In re Halifax Paper Co.*, 259 N.C. 589, 592, 131 S.E.2d 441, 444 (1963) ("There is no inherent or inalienable right of appeal from an inferior court to a superior court or from a superior court to the [appellate courts].").

Because the arbitration agreement in this case is governed by the Federal Arbitration Act ("FAA"), it is necessary to consider whether North Carolina's law regarding appeals is preempted by the FAA. I have found no case law specifically addressing whether an interlocutory appeal would be permitted *under the FAA* from a decision granting a preliminary injunction, or any other provisional remedy, pending an arbitration.

The FAA allows an appeal from "a final decision with respect to an arbitration that is subject to this title." 9 U.S.C. § 16(a)(3) (2007). In *Green Tree Fin. Corp. v. Randolph*, 531 U.S. 79, 89, 148 L. Ed. 2d 373, 382, 121 S. Ct. 513, 521 (2000), the Supreme Court held that an order compelling arbitration and dismissing all other claims before the district court was "final" within the meaning of 9 U.S.C. § 16(a)(3) and, therefore, immediately appealable. This decision could be read as permitting an appeal from an order granting provisional remedies pending arbitration. On the other hand, federal courts entering injunctions pending arbitration, similar to the order entered in this case, have not relied upon 9 U.S.C. § 16(a)(3) for jurisdiction, but

SCOTTISH RE LIFE CORP. v. TRANSAMERICA OCCIDENTAL LIFE INS. CO.

[184 N.C. App. 292 (2007)]

rather have cited 28 U.S.C. § 1292(a)(1) (2007), which provides that federal courts of appeal have jurisdiction over appeals from inter- locutory orders granting, continuing, modifying, refusing, or dissolv- ing injunctions and from orders refusing to dissolve or modify injunc- tions. *See, e.g., Ortho Pharm. Corp. v. Amgen, Inc.*, 887 F.2d 460, 463 n.2 (3d Cir. 1989); *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Bradley*, 756 F.2d 1048, 1050 (4th Cir. 1985).

I do not believe, however, that there is any need to resolve the question of the appealability of the order under the FAA, because I would hold that the FAA does not preempt state law governing appeals relating to arbitrations. This view is consistent with the hold- ings of other jurisdictions.

The Maryland Court of Appeals has addressed this specific is- sue in the leading case of *Wells v. Chevy Chase Bank, F.S.B.*, 363 Md. 232, 768 A.2d 620 (2001). The Court first noted: "Most state courts . . . hold that their own procedural rules govern appeals, unless those rules undermine the goals and principles of the FAA, and then those courts find that their procedural rules do not impermissibly undermine the objectives of the FAA." *Id.* at 246, 768 S.E.2d at 627. After reviewing the case law from other jurisdictions, the court held that Maryland's "general appeals statute does not focus on, or dis- criminate against, arbitration. Accordingly, we hold that the Maryland procedural rule, recognizing an order compelling arbitration to be a final and appealable judgment, is not preempted by the FAA." *Id.* at 250, 768 A.2d at 629.

In *Toler's Cove Homeowners Ass'n v. Trident Constr. Co.*, 355 S.C. 605, 586 S.E.2d 581 (2003), the South Carolina Supreme Court similarly concluded that state procedural rules on the appealability of arbitration orders were not preempted by the FAA. The court pointed out that "the FAA contains no express preemptive provi- sion, nor does it reflect a congressional intent to occupy the entire field of arbitration"; further "[t]here is no federal policy favoring arbi- tration under a certain set of procedural rules and the federal policy is simply to ensure the enforceability of private agreements to arbi- trate." *Id.* at 611, 586 S.E.2d at 584 (citing *Volt Info. Sciences, Inc. v. Bd. of Trs. of Leland Stanford Junior Univ.*, 489 U.S. 468, 477, 103 L. Ed. 2d 488, 499, 109 S. Ct. 1248, 1255 (1989)). South Carolina has construed its arbitration code to preclude immediate appeal from any orders not specified in the appeal provisions of that code, including orders compelling arbitration. The South Carolina Supreme Court observed that, by following this appellate rule, "the arbitration agree-

SCOTTISH RE LIFE CORP. v. TRANSAMERICA OCCIDENTAL LIFE INS. CO.

[184 N.C. App. 292 (2007)]

ment is being enforced by the court's order compelling arbitration which coincides with the FAA's policy in favor of arbitration of disputes." *Id.* Accordingly, the court held that South Carolina's procedural rule on appealability of arbitration orders controlled rather than the FAA rule. *Id.*

I would follow the reasoning in *Wells* and *Toler's Cove.* North Carolina's statutes applicable to civil appeals generally do not single out or discriminate against arbitration cases. Further, I do not believe that deferring any appeal of the order at issue in this case until the conclusion of the arbitration proceedings would be inconsistent with the policy of promoting arbitration or would "undercut the enforceability of arbitration agreements." *Southland Corp. v. Keating,* 465 U.S. 1, 16, 79 L. Ed. 2d 1, 15, 104 S. Ct. 852, 861 (1984) (holding that "[i]n creating [in the FAA] a substantive rule applicable in state as well as federal courts, Congress intended to foreclose state legislative attempts to undercut the enforceability of arbitration agreements").

N.C. Gen. Stat. § 7A-27 (2005) provides an appeal of right to this Court from a "final judgment of a superior court," N.C. Gen. Stat. § 7A-27(b), and from any interlocutory order that:

(1) Affects a substantial right, or

(2) In effect determines the action and prevents a judgment from which appeal might be taken, or

(3) Discontinues the action, or

(4) Grants or refuses a new trial . . . .

N.C. Gen. Stat. § 7A-27(d). N.C. Gen. Stat. § 1-277(a) (2005) similarly provides for appeal from "every judicial order" that "affects a substantial right claimed in any action or proceeding; or which in effect determines the action, and prevents a judgment from which an appeal might be taken; or discontinues the action, or grants or refuses a new trial."

Transamerica first contends that the order below falls under § 7A-27(d)(2) as one that "[i]n effect determines the action and prevents a judgment from which appeal might be taken . . . ." Transamerica's argument rests on a flawed premise: that the North Carolina court proceedings were terminated with the order compelling arbitration and that review of the provisional remedies order will not be available at a later date. According to Transamerica, because the arbitration agreement is governed by the FAA, any action

**SCOTTISH RE LIFE CORP. v. TRANSAMERICA OCCIDENTAL LIFE INS. CO.**

[184 N.C. App. 292 (2007)]

to confirm, modify, or vacate the ultimate arbitration award would be "an independent action" filed in federal court, and the issues raised by the order currently on appeal could not be asserted.

Transamerica cites 9 U.S.C. §§ 9-11 (2007) as support for its argument that any further review would be in federal court. The United States Supreme Court has, however, confirmed that these statutes are merely "venue provisions," applicable if an action is filed in federal court. *Cortez Byrd Chips Inc. v. Bill Harbert Constr. Co.*, 529 U.S. 193, 195, 146 L. Ed. 2d 171, 176, 120 S. Ct. 1331, 1334 (2000).

The provisions do not vest exclusive jurisdiction in the federal courts over arbitration awards entered under the FAA. As the Supreme Court has also stressed, "[w]hile the Federal Arbitration Act creates federal substantive law requiring the parties to honor arbitration agreements, it does not create any independent federal question jurisdiction under 28 USC § 1331 . . . or otherwise." *Southland Corp.*, 465 U.S. at 15 n.9, 79 L. Ed. 2d at 15 n.9, 104 S. Ct. at 861 n.9. Thus, prior to seeking confirmation, modification, or vacation of any arbitration award in federal court, Transamerica would be required to establish a basis for federal jurisdiction, such as diversity. *See Warren Bros. Co. v. Cmty. Bldg. Corp. of Atlanta, Inc.*, 386 F. Supp. 656, 658-59 (M.D.N.C. 1974) ("The Federal Arbitration Act does not provide an independent basis for federal jurisdiction since it does not confer federal question jurisdiction upon federal courts. Therefore, before a federal court can apply the Act, it must already have jurisdiction over the subject matter through another source such as diversity of citizenship or federal question." (internal citations omitted)). Thus, necessarily, "[t]he Federal Arbitration Act clearly vests concurrent subject matter jurisdiction in both the state and federal courts." *Nat'l Home Ins. Co. v. Shangri-La Dev. Co.*, 857 S.W.2d 460, 464 (Mo. Ct. App.), *cert. dismissed*, 510 U.S. 1032, 126 L. Ed. 2d 639, 114 S. Ct. 653 (1993).[4]

In short, the parties can, following the arbitration, proceed in state court with subsequent review in this Court. Indeed, the North

4. Indeed, most federal courts have held that if a defendant fails to remove a motion to compel arbitration to federal court, any removal motion filed following a subsequent state court motion to confirm or vacate the arbitration award is untimely. 14C Charles A. Wright, Arthur R. Miller and Edward H. Cooper, *Federal Practice & Procedure* § 3732, at 347-48 (2007). *See also Williams v. Beyer*, 455 F. Supp. 482, 484-85 (D.N.H. 1978) (holding that when plaintiff filed a petition for arbitration in state court, resulting in order compelling arbitration, defendant's petition for removal to federal court was untimely filed when filed following plaintiff's motion for confirmation of arbitration award).

SCOTTISH RE LIFE CORP. v. TRANSAMERICA OCCIDENTAL LIFE INS. CO.

[184 N.C. App. 292 (2007)]

Carolina appellate courts have specifically held that even after a motion to compel arbitration has been granted, "the judicial doors [remain] ajar" for further proceedings following arbitration. *Henderson v. Herman*, 104 N.C. App. 482, 485, 409 S.E.2d 739, 741 (1991), *disc. review denied*, 330 N.C. 851, 413 S.E.2d 551 (1992). This Court has held that even though the arbitration act "requires that certain disputes be removed from direct judicial supervision, the court that compels arbitration does not lose jurisdiction." *Id.* at 486, 409 S.E.2d at 741. Instead, our arbitration act

> create[s] a process whereby the existence of an agreement to arbitrate requires a court to compel arbitration on one party's motion and then requires the court to step back and take a "hands-off" attitude during the arbitration proceeding. The trial court then reenters the dispute arena to confirm, modify, deny or vacate the arbiter's award. At no time does the trial court lose jurisdiction.

*Id. See also Adams v. Nelsen*, 313 N.C. 442, 446 n.3, 329 S.E.2d 322, 324 n.3 (1985) (holding that agreement to arbitrate does not cut off a party's access to the courts and that the court that compels arbitration does not lose jurisdiction).

Thus, the trial court in this case maintains jurisdiction over the proceedings even after the arbitration has been concluded. Transamerica's assertion that "[t]here is nothing left to litigate in the Superior Court" is contrary to North Carolina law. Further, Transamerica has cited nothing that would preclude it—if it chose to do so—from also raising the issue of the preliminary injunction upon review of any order addressing the arbitration award, just as any preliminary injunction could be reviewed upon entry of a final judgment.[5]

I would, therefore, hold that Transamerica has failed to establish that it would be unable to obtain review of the preliminary injunction following conclusion of the arbitration proceedings. Transamerica may still, however, be entitled to an immediate appeal if Transamerica demonstrates that the order deprives it of a substan-

---

5. Transamerica cites *Advest, Inc. v. McCarthy*, 914 F.2d 6 (1st Cir. 1990) as support for its contention that it could not obtain review of the injunction at the completion of this case. *Advest*, however, merely stands for the unremarkable principle that courts have "a very limited power to review arbitration awards." *Id.* at 8. Nothing in *Advest*, which solely concerned a challenge to the arbitrator's actual award, addresses the ability of a court to review a judicial determination entered prior to the arbitration proceedings.

SCOTTISH RE LIFE CORP. v. TRANSAMERICA OCCIDENTAL LIFE INS. CO.

[184 N.C. App. 292 (2007)]

tial right that will be lost without appeal prior to a final judgment on the arbitration award. *Clark v. Craven Reg'l Med. Auth.*, 326 N.C. 15, 23, 387 S.E.2d 168, 173 (1990) (requiring such showing in connection with appeal from preliminary injunction). "Whether a substantial right will be prejudiced by delaying appeal must be determined on a case by case basis." *Collins v. Talley*, 135 N.C. App. 758, 760, 522 S.E.2d 794, 796 (1999). Transamerica bears the burden of establishing the existence of a substantial right. *CB&I Constructors, Inc. v. Town of Wake Forest*, 157 N.C. App. 545, 549, 579 S.E.2d 502, 504 (2003).

The majority opinion points to the amount of money—$30 million—that the order requires to be deposited in a trust. Similarly, Transamerica argues that a substantial right is affected because they cannot use or control this money so long as the order remains in effect. I note that Scottish Re Life Corporation ("Scottish Re") was required to post a $250,000.00 bond to protect Transamerica from any damages resulting from the provisional relief. Transamerica has made no argument that this bond is inadequate.

Further, Transamerica never moved for a stay of the order in the trial court or in this Court, even though the parties all knew that it would take a substantial amount of time to name the arbitrators. This omission runs counter to any contention that Transamerica is so harmed by the order that it affects a substantial right if not reviewed immediately. Significantly, Transamerica may well obtain relief from the arbitrators before any ruling by this Court since, upon the designation of the arbitrators, Transamerica will be free to ask those arbitrators that the order be discontinued.

Finally, if Transamerica obtains an arbitration award that is "substantially favorable" to it, the company will then be entitled to seek recovery on the bond and to recover damages that would not have occurred but for the preliminary injunction. *See Indus. Innovators, Inc. v. Myrick-White, Inc.*, 99 N.C. App. 42, 51, 392 S.E.2d 425, 431, *disc. review denied*, 327 N.C. 483, 397 S.E.2d 219 (1990).[6] Transamerica has made no attempt to explain why that relief is insufficient to protect its interests.

---

6. In *Industrial Innovators*, the plaintiff obtained an order referring the dispute to arbitration, and a preliminary injunction barring the defendants from disclosing certain information to competitors, conditioned on the posting of a bond. *Id.* at 43-44, 392 S.E.2d at 427. The arbitration award was favorable to the defendants, a superior court judge entered an order confirming that award, and the defendants filed a motion for damages for wrongful injunction, seeking recovery under the plaintiff's bond. Another superior court judge entered an order, from which the plaintiff appealed, awarding the defendants the amount of the plaintiff's bond. *Id.* at 47-48, 392 S.E.2d at 429-30.

SCOTTISH RE LIFE CORP. v. TRANSAMERICA OCCIDENTAL LIFE INS. CO.

[184 N.C. App. 292 (2007)]

Under similar circumstances, this Court has consistently held that the appellant made an insufficient showing of a substantial right. Thus, in *Rivenbark v. Southmark Corp.*, 77 N.C. App. 225, 227, 334 S.E.2d 451, 452 (1985), *disc. review denied*, 315 N.C. 391, 338 S.E.2d 880 (1986), this Court declined to review an order allowing the defendants to collect rent from a disputed piece of property pending the litigation and ordering the plaintiff to pay the sums already collected into court. In *Little v. Stogner*, 140 N.C. App. 380, 383, 536 S.E.2d 334, 336 (2000), *disc. review denied*, 353 N.C. 377, 547 S.E.2d 813 (2001), the defendant challenged the trial court's preliminary injunction barring it from foreclosing on a piece of property. The Court pointed out that the defendant's power to foreclose had merely been delayed until the resolution of the litigation, and the defendant's right was adequately protected by the trial court's requirement that the plaintiffs post a significant bond. *Id.*

Similarly, in *Dixon v. Dixon*, 62 N.C. App. 744, 745, 303 S.E.2d 606, 607 (1983), the defendant appealed from a preliminary injunction requiring the return of certain property and precluding the parties from transferring any other personal property. In holding that the defendant was not entitled to an immediate appeal, the Court noted that the injunction was intended to maintain the status quo and that the defendant had not shown that recourse on the bond posted by the plaintiff as security for the injunction was inadequate. *Id. See also Stancil v. Stancil*, 94 N.C. App. 760, 763-64, 381 S.E.2d 720, 722-23 (1989) (declining to review interlocutory order requiring posting of $150,000.00 bond when "[t]he obvious purpose of the pretrial order was to preserve the status quo in a hotly contested action between two brothers, each of whom accuses the other of converting corporate assets," and when, if the appealing brother ultimately prevailed, bond would be cancelled).

Finally, in *Shuping v. NCNB Nat'l Bank of N.C.*, 93 N.C. App. 338, 377 S.E.2d 802 (1989), the defendant sought to appeal from an injunction barring the bank from disposing of or encumbering shares in a corporation until a final hearing could be had on the complaint. Although the bank argued that a substantial right was affected because it was improperly restrained from disposing of the stock, the Court noted that this argument "begs rather than addresses the appealability question." *Id.* at 340, 377 S.E.2d at 803. The Court observed that the bank's arguments went to the merits of the appeal rather than establishing that a "right which the law regards as substantial will be lost if the order remains in effect until the trial court

determines whether the appellant is legally bound to sell the stock to plaintiff, as he alleges." *Id. See also Barnes v. St. Rose Church of Christ*, 160 N.C. App. 590, 592, 586 S.E.2d 548, 550 (2003) (holding that defendants could not appeal from a preliminary injunction appointing a receiver for the church when defendants failed to show that this order would result in any harm to defendants).

The same is true here. In attempting to distinguish the foregoing cases, Transamerica argues the merits of its contentions regarding the propriety of the trial court's order—i.e., whether it maintains the status quo. Transamerica does not focus on the appealability issue or explain how it will be prejudiced—given the $250,000.00 bond—if required to wait to appeal until after the arbitration is complete. Accordingly, under North Carolina law, I see no basis for concluding that Transamerica has met its burden of demonstrating the existence of a substantial right that will be lost in the absence of immediate review.

In sum, I would hold that North Carolina law regarding the right to appeal is controlling in this case. Further, since I believe that Transamerica has failed to demonstrate an entitlement to an immediate appeal from the order below, I would dismiss the appeal as interlocutory.